ALICE V. ANDERSON V. JERUSHA E. STORY, GUARDIAN.

FILED JANUARY 3, 1898. No. 7728.

1. **Review: JURISDICTION: CONSENT.** If there is a lack of jurisdiction of the subject-matter, acquiescence or consent of the parties that it be assumed will not confer it, and an appeal in the case or proceeding from the adjudication therein vests no jurisdiction in the appellate tribunal.

2. **Courts: ACCOUNTS OF FOREIGN GUARDIAN: JURISDICTION.** A guardian appointed by a surrogate of a county in New York after removal to this state, and residence here by herself and the ward, applied to a county court of this state to be allowed to render an account as guardian, and to be discharged. The application was acted upon by the county judge, and the guardian presented her report and account. The ward appeared and contested the allowance of portions of the account, without objection or challenge to the jurisdiction of the court. *Held,* That the

county court had no jurisdiction of the subject-matter, and consent or acquiescence of the parties did not give it, and the district court to which an appeal was taken acquired no jurisdiction.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Reversed.*

*Abbott, Selleck & Lane,* for plaintiff in error.

*Abbott & Abbott, contra.*

HARRISON, J.

It appears herein, from a statement in one of the briefs, which is stated in the other to be substantially correct, that the defendant in error was, during a few months of the year 1874, and prior thereto, the wife of John H. Underwood, who died during the year 1874 in Virginia, where he and his wife were then residing. The plaintiff in error, the daughter of the couple, was born about three months after the death of the father. Soon after the birth of the daughter, the mother removed to Chautauqua county, New York, and there applied to the proper court to be, and was, appointed guardian of her child and its estate. This was done of date May 6, 1876. The defendant in error received as such guardian some $482, the child's share of its father's estate. After about seven years of widowhood, the defendant in error was married to Andrew J. Story, and some three years afterward they removed to Saline county, this state. The daughter, soon after she became of age, was married to one Perry Anderson. The defendant in error had never accounted as guardian, and the daughter, after her marriage, urged that such an accounting be made. After some attempted settlements of the matter, but without anything definite being accomplished, during the year 1892, the defendant in error filed what was styled a petition in the county court of Saline county, in which the facts relative to her appointment as and acts as guardian were set forth, and in which she prayed

as follows: "Your petitioner prays that you will request the honorable county judge of said Chautauqua county, New York, to certify all the proceedings heretofore and in said matter to the county court of said Saline county, Nebraska, to the end that said matter may be finally settled where the jurisdiction thereof is vested by reason of the residence of all the parties interested therein. And your petitioner will ever pray," etc. The county judge of Saline county sent the following to the surrogate of Chautauqua county, New York: "The county judge of Saline county, Nebraska, to the Hon. judge of Chautauqua county, New York, greeting: Whereas, Mrs. Jerusha E. Story (formerly Underwood), now resident of this county, has filed her petition in this court, a copy of which is hereto attached, setting forth that in the year 1876 she was duly appointed guardian of Alice Underwood (now by marriage Anderson), by the then judge of your court, and that herself and ward and all persons interested have since become, and now are, *bona fide* residents of this county; and that said matter of guardianship has never been settled, and praying that said matter may be removed to this court for final settlement because of the residence of all parties within the jurisdiction of this court: Now, therefore, you are hereby respectfully requested to transmit to this court, at your convenience, a certified transcript of all the proceedings had in said matter in your court, together with a certified copy of the bond, to the end that final settlement of the matter may be made. All unpaid fees will be collected and transmitted to your court with receipt for transcript." Pursuant to the request, the surrogate forwarded the papers in the guardianship matter to the judge of the county court of Saline county. The county judge then made an order that the accounting be had and heard on September 9, 1892, at a stated hour, and caused a copy of the order to be published. The ward (the plaintiff in error) appeared and contested the matter to the extent of certain allowances which

the guardian in her report claimed to be her due. After a hearing on the matter it was adjudged that the guardian was not entitled to the credits claimed in her report or account, and, further, that she had received the sum of $481.95; and it was "ordered by the court that said guardian pay to said minor the sum of $481.95, and, upon complying with the order of this court, she will be discharged from said trust and her letters of guardianship cancelled and annulled." The matter was, on behalf of Mrs. Story, appealed to the district court where, as the result of a trial to the court, it was disposed of as follows: "And the court being fully advised in the premises finds for the guardian Jerusha E. Story, and finds that she is entitled to have her account for the maintenance of said ward allowed out of said ward's estate. It is therefore considered by the court that the guardian Jerusha E. Story, be, and she is hereby, discharged, and that she have and recover of and from Alice U. Anderson her costs expended in this court." The matter is presented to this court in error proceedings on the part of the ward.

It is stated in one of the briefs that all parties acquiesced in the jurisdiction of the county court of Saline county, and that no question is raised touching such jurisdiction; but however this may have been, it is clear that the county court of Saline county, though it had jurisdiction of probate matters and of the matters of guardianships, did not have jurisdiction to entertain an accounting by a guardian appointed by a surrogate court of New York to hear and adjudicate the matters arising on such accounting, and to discharge or refuse to discharge the guardian. This was all clearly without its jurisdiction, and acquiescence or consent of the parties could not and did not confer jurisdiction, if it did not exist. If the county court had no jurisdiction, the appellate courts obtained none. (*Brondberg v. Babbott*, 14 Neb. 517; *Union P. R. Co. v. Ogilvy*, 18 Neb. 638; *Moise v. Powell*, 40 Neb. 671; *Johnson v. Parrotte*, 46 Neb. 51;

*Keeshan v. State*, 46 Neb. 155; *Stenberg v. State*, 48 Neb. 299.) As the county and district courts were without jurisdiction in the matter, their adjudications were void and of none effect. The judgment of the district court is reversed and a dismissal of the matter will be entered.

REVERSED AND DISMISSED.