WILLIAM H. LARNED ET AL., APPELLEES, V. CHARLES T. JENKINS, APPELLANT.

FILED NOVEMBER 30, 1918. No. 20714.

1. Waters: IRRIGATION: APPLICATION OF STATUTE. That portion of section 3439, Rev. St. 1913, which provides that "a multiplicity of outlets shall at all times be avoided so far as may be, and the same shall be under the control of a superintendent," etc., construed, and held not to apply to owners in common of a ditch for irrigation purposes who are not carriers of water for hire.

2. Tenancy in Common: IRRIGATION: USE OF WATER. Where the title to a water right is in tenants in common, their rights to the use of it, as among themselves, will be protected by the courts.

3. Waters: FAILURE TO APPLY: DETERMINATION OF RIGHT. The question whether the owner of a piece of land, to which water has been appropriated by order of the state board of irrigation, has lost his right to the use of it for failure to make useful application of the water within the time required, is a question primarily between the state and the owner, and should, ordinarily at least, be determined in the first instance on a hearing before said board.

APPEAL from the district court for Dundy county: ERNEST B. PERRY, JUDGE. *Judgment enjoining defendant reversed, and judgment in other respects affirmed.*

*Charles T. Jenkins* and *J. H. Broady,* for appellant.

*Ratcliffe & Ratcliffe* and *J. L. Rice, contra.*

CORNISH, J.

Defendant appeals from an order enjoining him from interfering with a canal without permission of the superintendent. Plaintiffs appeal from the judgment of

the court that defendant was entitled to waters from the canal for the irrigation of particular lands.

The irrigation canal was a private ditch, owned in common by defendant and the three plaintiffs, one-fourth each, for their own private use. When the defendant was about to take water from the canal to irrigate the land, the superintendent, or ditch-rider, objected on the ground that his proposed use of the water interfered with the use of the other owners. Whether the defendant, the owner of a one-fourth interest in the canal, would be subject to the directions of the superintendent in that respect depends on the construction of section 3439, Rev. St. 1913, which provides that the owners of ditches shall have them ready to receive water by April 15 of each year, shall furnish necessary outlets, maintain headgate and measuring weirs with plans approved by the secretary of the state board of irrigation, and provides further that "a multiplicity of outlets shall at all times be avoided so far as may be, and the same shall be under the control of a superintendent," etc. This provision appears to have been taken from the Colorado statute. In *White v. Farmers Highline Canal & Reservoir Co.*, 22 Colo. 191, the supreme court construed or assumed that this section applied only to irrigation companies which carry water for hire. See, also, *Downey v. Twin Lakes Land & Water Co.*, 41 Colo. 385, 392.

The provision giving superintendents control over outlets in its nature would hardly be applicable to owners in common of a private ditch. There may be only two. The statute does not intend to deprive owners of dominion over their property. The less cannot include the greater, and, as we say, the possession of one tenant in common is the possession of all. In any case, the agent or servant of the owners is subject to their orders, when not violative of the laws and regulations of the state, made in pursuance of its police

powers over carriers of water. Because disputes will arise and frauds be perpetrated as between users of water, the law provides certain rules and regulations touching its taking and distribution. It also provides that owners carrying water for hire shall have a superintendent to speak for them and to see that no wrong is done.

If tenants in common cannot agree, and one insists upon wrongly locating a lateral or causing an unreasonable multiplicity of outlets, or refuses proper measuring weirs or boxes, or does any other act which prevents or threatens the others in their use of the portion of the water going to them, the courts will protect the rights of all, by injunction or otherwise, and will, if necessary, appoint a commissioner to take charge for such protection. 3 Kinney, Irrigation and Water Rights (2d ed.) sec. 1455; Wiel, Water Rights (3d ed.) sec. 344; *Carnes v. Dalton,* 56 Or. 596.

Under the facts disclosed by the evidence, we are of opinion that the defendant was not seeking to take more than his share of the water. He was not proposing to locate his lateral at an improper place; nor was he subject in the matter to the direction of the superintendent. The owners ought to be able to agree on the proper place. This will not be difficult if they will take the opinion of the state or other competent engineer. On the evidence adduced, the injunction against the defendant should be dissolved.

The plaintiffs assign error in the court's holding that the defendant was entitled to water for the land to which the proposed lateral would carry it. It appears that this land was included in the original appropriation, and that water was carried to it for three years prior to this action. The contention is that the owner never made the proper proofs of use of the water, and did not use it within the time required for complying with the appropriation. The land gets more

or less benefit from the water by seepage. The question was taken up by the state engineer, who ruled that the lands "specified in the docket" were entitled to water "until some one asks for a hearing and shows cause why said land should not be watered." There is water enough for all. The evidence does not show that the use of water for this land would either deprive the others of their three-fourths, or cause a shortage of water. The state engineer found the contrary.

We are of opinion that this is a matter between the state and the owners, that the plaintiffs are not in a position to raise this question, and that the trial court was right in so holding.

The judgment of the district court enjoining the defendant is reversed and the cause remanded. In all other respects it is affirmed.

JUDGMENT ACCORDINGLY.