IN RE APPLICATION OF HENRY B. BABSON, APPELLANT.
IN RE APPLICATION OF GEORGE W. STEINMEYER, APPELLEE.

FILED DECEMBER 4, 1920.   No. 21340.

1. Waters: DEPARTMENT OF PUBLIC WORKS: DISCRETION. The department of public works is an administrative body. having quasi judicial functions, and is invested with reasonable discretion in the exercise of its supervisory powers.

2. ————: DIVERSION FOR POWER PURPOSES: EXTENSION OF TIME. The department of public works in event of abnormal conditions, such as those created by the world war, has discretion to extend the time within which the work of diverting water for power purposes, under a permit previously given, may be completed.

3. ————: DEPARTMENT OF PUBLIC WORKS: FINDINGS: REVIEW. In the exercise of its supervisory powers, the findings and orders of the department of public works will not be disturbed, in the absence of an abuse of discretion.

4. Evidence examined, and held that it sustains the findings and orders of the department of public works.

APPEAL from the Department of Public Works. Order affirmed.

Thomas, Vail & Stoner, for appellant.

Hazlett, Jack & Laughlin and Rinaker, Kidd & Delehant, contra.

DEAN, J.

Henry B. Babson, plaintiff, on May 7, 1918, filed his first application with the department of public works, hereinafter called department, for a permit to appropriate

water from the Big Blue river. By the terms of his application, No. 1511, he sought to appropriate water at the same point of diversion that is covered by George W. Steinmeyer's application, No. 1262, that was granted and approved by the department July 26, 1915. Both applications contemplate the use of the water for power development by means of a hydro-electric plant. In Babson's application there appears a statement that the proposed cost of the project will total $55,000, and that "the plant will be operated intermittently." His application was disallowed December 27, 1918; the department making and entering the following findings and orders:

"The above-entitled proceedings came on for hearing on the 20th of August, 1918, and was continued to later dates, at which hearings the parties were represented by counsel, and the testimony of witnesses was taken and briefs of counsel filed. Upon due consideration of the records in these proceedings, the testimony of witnesses therein, and the briefs of counsel submitted, this board is of the opinion that the application of Henry B. Babson, No. 1511 (application of May 7, 1918), should not at this time be granted, and the application of George W. Steinmeyer and the permit issued to him be accordingly rescinded and forfeited unless the said George W. Steinmeyer shall neglect and fail to comply with the order herein as follows: That he proceed immediately, and within 30 days from this date, to the prosecution and construction of the work provided for under the permit granted to him by this board and shall prosecute the same to completion as provided by law. The application of the said Henry B. Babson, No. 1511, is therefore at this time denied. Dated Dec. 27, 1918. (Signed) State Board of Irrigation, Highways and Drainage. Keith Neville, Governor. Willis E. Reed, Attorney Gen., by Charles S. Roe, Deputy Atty. Gen. G. L. Shumway, Comm. P. L. & Bldgs."

An appeal was taken from that order to this court, and on March 20, 1919, we dismissed the appeal and remanded

the cause on the ground that the order appealed from was not a final order. It appears that on June 1, 1918, under the same application, No. 1511, Babson filed an additional application with the department, praying therein that defendant's application be canceled. After several adjournments a final hearing was had on October 21, 1919, plaintiff's application was dismissed, and his motion to dismiss and cancel defendant's application was overruled. The department held that the application of defendant "and the granting thereof are in full force and effect." From "the order, ruling and judgment" so made and entered by the department, plaintiff prosecuted the present appeal.

Some time in April, 1917, shortly after the United States entered the world war, defendant Steinmeyer made application to the department for an extension of time in which to commence work and apply the water to beneficial use, on the ground that the nation was in need of all resources, both labor and material, to prosecute the war to a successful conclusion. The record shows, too, that Steinmeyer was about to enlist, and subsequently did enlist, in an officer's training camp, where he was stationed five months. The department thereupon granted his request, and, on April 28, 1917, "found, determined and ordered that the time in which to commence work under said application 1262 be extended to a date three months after our nation is at peace with our enemies, said extension of time not to extend over two-year period." It appears that the extension was granted because of the nation's urgent and imperative need of all available man power and construction material, and also because of defendant Steinmeyer's enlistment in the army.

Plaintiff Babson argues that the department erred: "(1) In entering the order of April 28, 1917, assuming to extend the time within which Steinmeyer should commence work. * * * (2) In entering the order of December 27, 1918, granting Steinmeyer 30 days additional within which to commence work, and in refusing to cancel his application and allow Babson's (application). * * * (3) In enter-

ing the final order of October 21, 1919, overruling Babson's application to cancel the application of Steinmeyer, and in denying Babson's application to appropriate the water in controversy."

In view of the facts and the law applicable thereto, the order of the board must be sustained. On July 26, 1915, that being the date when defendant Steinmeyer's application was granted and his application was approved, the order of the department provided, *inter alia*: "2d. The work of excavation or construction shall begin on or before January 25th, 1916. 3d. The time of completing the work of construction shall extend to Oct. 1st, 1917." Under section 3413, Rev. St. 1913, and within six months after the approval of his application, and pursuant to the order of the department, defendant Steinmeyer filed a map and a report with the department showing that he surveyed and made soundings and excavations to find depth of bed rock and the like as a necessary part of the prosecution of the work in the erection of the plant. In passing, it may be noted that the department of public works is successor to the board of irrigation, highways and drainage, as provided in Laws 1919, ch. 190.

The court will, of course, take judicial notice of the world war and the conditions that grew out of that calamitous event. No person was immune from those conditions. From the record before us it plainly appears that defendant's prosecution of the work was interrupted, not only by his enlistment in the officer's training camp, but as well by the untoward war conditions that prevailed throughout the nation, and that for two years or more caused an almost entire cessation of constructive work of any sort, except such work as pertained to preparation for and prosecution of the war. The war period demanded the conservation of practically all material and man power for war purposes, and this demand was enforced by the federal government everywhere. The interruption of the work seems clearly to come within the meaning of the expression "unavoidable cause," as it is used in the act.

Plaintiff not only complains that defendant has not performed the amount of work required by the statute, but he contends that he is without sufficient capital to finance the enterprise. We do not think the record sustains his contention. It is shown that after the order of December 27, 1918, that gave to defendant a 30-day extension, beginning January, 1919, and up to and including October of the same year, approximately $40,000 had been expended on the project. In addition to the money so expended, it appears that provision has been made for funds that are ample to finance the work to completion. Aside from interruptions that are unavoidably caused and that arise from natural causes, the department is given certain discretion with respect to the exercise of its supervisory powers. *Kersenbrock v. Boyes*, 95 Neb. 407. It may be observed that even now and the war ended two years, the times are not yet normal. This is seen in the cessation of public and private construction enterprises everywhere and in the housing conditions that prevail throughout the country. Of all this the court takes judicial notice.

The department did not err. Its order is therefore

AFFIRMED.

FLANSBURG, J., dissents.