THOMAS PLUNKETT, APPELLEE, v. CON PARSONS, APPELLANT.

10 N. W. (2d) 469

FILED JULY 2, 1943. No. 31566.

*Schnurr & Mumby,* for appellant.

*Porter & Porter, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER and WENKE, JJ., and LIGHTNER, District Judge.

YEAGER, J.

This is an appeal by Con Parsons, respondent and appellant, from an order of the department of roads and irrigation apportioning irrigation waters among several subdivisions of sections 25, 35 and 36, township 33, range 56, west of the 6th P. M. in Sioux county, Nebraska, and from an order denying a rehearing. The lands in sections 25 and 35 are the property of Con Parsons, respondent and appellant. Section 36 is school-land and is held under lease by complainant and appellee.

In order to understand the matter presented it becomes necessary to go back to 1885 and 1886, the years in which notification of appropriation of water for irrigation of the lands was given, without question, in accordance with statute.

In 1895 one Charles E. Schilt was the owner of the lands in controversy in sections 25 and 35 and held the lease on section 36. On December 13, 1897, pursuant to posting and filing of notice in accordance with statute, a hearing was had and the state board of irrigation (now department of roads and irrigation) adjudicated in docket 507 an appropriation of water for irrigation out of Cedar creek to be

headed into a canal beginning on the west bank of Cedar creek at a certain point in the northwest quarter of the southeast quarter of section 35. In the opinion it was found that this appropriation furnished about one-third of the water required for reclamation of about 120 acres of land in the northeast quarter of section 35, the northwest quarter of section 36 and the south half of the southwest quarter of section 25. The reclaimed acreage in the separate sections or parts of sections was not determined. The priority date of the appropriation was fixed as of May 15, 1885.

On the same date and likewise pursuant to notice, a hearing was had and the state board of irrigation adjudicated in docket 508 an appropriation of water for irrigation out of Prairie Dog creek to be headed into the same canal as the one mentioned in docket 507 but from the east bank of Prairie Dog creek at a point in the southwest quarter of the northeast quarter of section 35. In the opinion it was found that this appropriation furnished about two-thirds of the water required for reclamation of about 120 acres of land in the southwest quarter of the northeast quarter, and the northeast quarter of the northeast quarter of section 35, the north half of the northwest quarter, and the northwest quarter of the northeast quarter of section 36, and the south half of the southwest quarter of section 25. Like in docket 507 the reclaimed acreage in the separate sections or parts of sections was not determined. The priority date of the appropriation was fixed as of May 31, 1886. This adjudication by its terms makes the appropriation a supplemental or correlative appropriation to the one adjudicated in docket 507. The following is the declaration of the opinion in that respect: "The water appropriated shall be used for the purpose of irrigation on the lands for which appropriation is granted in Opinion Docket No. 507."

At some time after these appropriations became established it would appear that one Samuel Knori became the owner of sections 25 and 35 and the lessee of section 36 and that he used all of the land as a ranch. Later still, the date or dates of which are not made clear by the record, the ap-

pellee became the lessee of section 36 and the appellant became the owner of the portions of sections 25 and 35 involved in this action.

After acquiring the leasehold on section 36 the appellee filed what he termed an amended complaint in the original dockets 507 and 508 in which he declared that appellant refused him for section 36 the portion of the water to which he was justly entitled under these appropriations and sought an adjudication by the department of roads and irrigation (successor to the state board of irrigation) of the amount or portion of the water to which section 36 was entitled thereunder.

To the amended complaint appellant filed an answer which contained a general denial. In addition to the general denial appellant alleged that he and his predecessors in interest have since 1885, and under the docket 507 appropriation, irrigated 40 acres in the south half of the northeast quarter of section 35, and since 1886, under the docket 508 appropriation, they have irrigated 66 acres more or less in the northeast quarter of the northeast quarter and the southwest quarter of the northeast quarter of section 35, and the south half of the southwest quarter of section 25, and that by reason thereof he is entitled to water for irrigation for said acreage so claimed to have been irrigated. He prayed for ratification and confirmation of this claimed right.

The sole issue presented by these pleadings for determination was the respective rights of the parties in the division of the waters diverted from Cedar creek and Prairie Dog creek under these appropriations for irrigation of their lands, after the diverted water leaves the two creeks. No question of regularity or priority of appropriation or diversion is involved.

A regular hearing was had before the department of roads and irrigation at which R. H. Willis, chief of the bureau of irrigation, water power and drainage, presided. Both parties adduced evidence, at the conclusion of which and on July 31, 1942, the department, among other things

not necessary to be set out here, made a designation of land to be irrigated, as follows: 40 acres in section 35 under docket appropriation 507, and 8.6 acres in section 35, 14.6 acres in section 25 and 56.8 acres in section 36 from docket appropriation 508.

The hearing was had before the department of roads and irrigation without objection to the jurisdiction of the department over the subject-matter of the controversy.

After determination was made and after motion for rehearing was denied, appeal was perfected to this court.

For his first assignment of error the appellant urges that the department of roads and irrigation was without jurisdiction of the subject-matter of the controversy. To this question our attention must first be directed.

The general jurisdiction of the department of roads and irrigation is defined in section 81-6314, Comp. St. 1929, as follows: "The department of public works is given jurisdiction over all matters pertaining to water rights for irrigation, power or other useful purposes, highways and drainage and shall adopt rules governing matters coming before it." While this section confers certain judicial power it cannot be said that the department of roads and irrigation is a judicial tribunal. It is an administrative body with quasi-judicial powers.

In the 24th syllabus point in *Crawford Co. v. Hathaway*, 67 Neb. 325, 93 N. W. 781, it is stated: "The duties of the state board of irrigation as provided for in the irrigation act of 1895 (Session Laws, ch. 69), are administrative, and not judicial. The sections of the statute creating such board are not unconstitutional, as conferring judicial powers on executive officers." The state board of irrigation was the predecessor of the present department of roads and irrigation.

In *In re Application of Babson*, 105 Neb. 317, 180 N. W. 562, it was stated: "The department of public works is an administrative body, having quasi-judicial functions, and is invested with reasonable discretion in the exercise of its supervisory powers." The language was approved in *State*

*v. Oliver Bros.*, 119 Neb. 302, 228 N. W. 864. The department of public works was successor to the state board of irrigation and predecessor to the department of roads and irrigation.

In *State v. Cochran*, 138 Neb. 163, 292 N. W. 239, speaking of the department of roads and irrigation, it was stated: "The quasi-judicial powers conferred upon the department have application only to the granting and cancelation of appropriation rights and priorities."

The legislative grant of jurisdiction to the department of roads and irrigation does not extend to it the power to adjudicate vested rights or to make an adjudication with regard to the apportionment of irrigation water between users, which has passed through diversion outlets into common private ditches for dispersion over lands to be irrigated. This is a function which belongs to the courts.

In *Larned v. Jenkins*, 102 Neb. 796, 169 N. W. 723, this court said: "If tenants in common cannot agree, and one insists upon wrongly locating a lateral or causing an unreasonable multiplicity of outlets, or refuses proper measuring weirs or boxes, or does any other act which prevents or threatens the others in their use of the portion of the water going to them, the courts will protect the rights of all, by injunction or otherwise, and will, if necessary, appoint a commissioner to take charge for such protection." See, also, *Carnes v. Dalton*, 56 Or. 596, 110 Pac. 170; 3 Kinney, Irrigation and Water Rights (2d ed.) sec. 1455; Wiel, Water Rights (3d ed.) sec. 344.

In *City of Fairbury v. Fairbury Mill & Elevator Co.*, 123 Neb. 588, 243 N. W. 774, it was stated: "The right to the use of water acquired prior to the enactment of the statute of 1895 was a vested property right." The rights here accrued prior to that date. The rights here having been vested rights the department of roads and irrigation had no power to interfere therewith. *State v. Cochran, supra.*

We must conclude therefore that the department of roads and irrigation was without jurisdiction to entertain and determine the issue presented by the amended complaint of

the appellee herein, unless by failure of appellant to raise the issue of jurisdiction at the hearing before the department he is barred from raising it here.

Clearly under the authorities he is not so barred. It is well-settled that if a judicial tribunal has no jurisdiction of the subject-matter of an action jurisdiction cannot be obtained either by acquiescence or consent of the parties. *Anderson v. Story*, 53 Neb. 259, 73 N. W. 735; *Johnson v. Bouton*, 56 Neb. 626, 77 N. W. 57; *Armstrong v. Mayer*, 60 Neb. 423, 83 N. W. 401; *Crawford Co. v. Hathaway*, 61 Neb. 317, 85 N. W. 303; *Edney v. Baum*, 70 Neb. 159, 97 N. W. 252.

The case of *Crawford Co. v. Hathaway, supra,* was a case wherein matters of irrigation were involved. The court said: "Nor will the mere consent of the parties confer jurisdiction upon the court, where the subject-matter belongs to a tribunal of special and inferior jurisdiction, like the state board of irrigation, from whose decision an appeal lies to the court in which the parties seek redress." By this and the other decisions it is made clear that acquiescence in or consent to action in an inferior tribunal is no bar to the right to object in an appellate tribunal that the inferior tribunal was without jurisdiction over the subject-matter of the action.

The department of roads and irrigation was without jurisdiction over the subject-matter of the amended complaint of appellee and in consequence this court is without jurisdiction to determine the issues presented by such amended complaint on appeal.

In the light of this determination of the matter of jurisdiction we find it unnecessary to discuss the other assigned errors.

The order of the department of roads and irrigation is reversed and cause remanded with directions to dismiss the amended complaint.

REVERSED, WITH DIRECTIONS.