IN RE APPLICATION 2312, A PERMIT GRANTED TO THE NORTH LOUP RIVER PUBLIC POWER AND IRRIGATION DISTRICT TO APPROPRIATE WATER FROM THE NORTH LOUP RIVER FOR IRRIGATION PURPOSES.

NORTH LOUP RIVER PUBLIC POWER AND IRRIGATION DISTRICT, APPELLEE, v. LOUP RIVER PUBLIC POWER DISTRICT, APPELLANT.

74 N. W. 2d 863

Filed February 17, 1956. No. 33867.

*Neighbors & Danielson* and *Walter, Albert & Leininger,* for appellant.

*Munn & Norman,* for appellee.

*Woods, Aitken & Aitken* and *Bert L. Overcash,* amici curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from an order entered by the Department of Roads and Irrigation granting an extension of time to October 1, 1957, to the North Loup River Public Power and Irrigation District for completing the application of water to beneficial use under water rights obtained by it under Application 2312.

For convenience we shall hereafter refer to the North Loup River Public Power and Irrigation District as the irrigation district, the Loup River Public Power District as the power district, and the Department of Roads and Irrigation as the department.

The record in this case shows that on September 15, 1936, the department granted an appropriation of water for irrigation purposes with a priority date of March 28, 1933, to the irrigation district. The order granting the appropriation provided that the construction work should begin on or before March 15, 1937, and be completed by November 1, 1939. The time fixed for completing the application of water to the beneficial use indicated was October 1, 1944. The grant of the appropriation contained the following specific limitation: "The amount of the appropriation shall not exceed 260.00 cubic feet per second of time; neither shall it exceed the capacity of said ditch or canal, nor the least amount of water that experience may hereafter indicate as necessary for the production of crops in the exercise of good husbandry; and, further, said appropriation, under any circumstances, shall be limited to one-acre foot for each acre of land to which water is actually and usefully applied on or before October 1, 1944."

On September 16, 1944, the irrigation district filed a petition with the department to obtain an extension of time within which to apply water to beneficial use under the appropriation. An order was entered by the State Engineer extending the time to October 1, 1949, without notice or hearing. On September 27, 1949, a second petition was filed by the irrigation district praying for a further extension of time to October 1, 1954, for the application of water to beneficial use under its appropriation granted pursuant to Application 2312. On September 29, 1954, the irrigation district filed a third petition praying for a further extension of time to October 1, 1959, for the application of water to beneficial use under the same appropriation.

The power district filed objections to the petitions for extensions of time filed on September 27, 1949, and September 29, 1954. The objections in each instance alleged in substance that the construction of the irrigation district's irrigation works was completed in 1938 and that owners of land subject to irrigation under the irrigation district's appropriation could have been supplied with water for irrigation purposes had they desired it and, having failed to make use of such water for more than 10 years, they had no right to water under the irrigation district's appropriation; and that the department had no jurisdiction, power, or authority after construction had been completed to extend the time to put appropriated waters to a beneficial use beyond a period of 3 years from the date water became available.

The cause was tried before the department and resulted in an order extending the time to complete the application of water to a beneficial use to October 1, 1957. The sole issue is the validity of the department's order extending the time for compliance with the conditions and limitations contained in the irrigation district's appropriation right as granted by the department.

The disposition of the case depends upon the nature of the irrigation district's appropriation rights. It is

clearly recognized that the department has authority, granted by statute, to adjudicate water rights in this state. It is invested with certain quasi judicial powers which have application only to the granting and cancellation of appropriation rights and priorities. State ex rel. Cary v. Cochran, 138 Neb. 163, 292 N. W. 239; Loup River Public Power Dist. v. North Loup River Public Power & Irr. Dist., 142 Neb. 141, 5 N. W. 2d 240. The approval of an application for an appropriation of public waters under section 46-235, R. R. S. 1943, is an exercise of the quasi judicial powers of the department. It will be noted that under the foregoing section of the statute the department, upon examination of the application, may endorse its approval "for a less period of time for perfecting the proposed appropriation, or for a less amount of water, or for a less amount of land than applied for." An aggrieved applicant is given an opportunity to be heard by the department, and the further right to appeal to this court from an adverse decision. In Loup River Public Power Dist. v. North Loup River Public Power & Irr. Dist., *supra,* we said: "Under the provisions of section 81-6317, Comp. St. 1929, the department may approve the application for an appropriation of public waters in an amount less than that applied for. If the applicant be dissatisfied, the remedy is by appeal to the supreme court, and if he fails to appeal, the appropriation as made is final." Otherwise stated, unless an appeal is taken from the adverse order of the department, the decision of the department is final and the issues finally adjudicated.

It is urged by the power district that the irrigation district is limited to a period of 3 years in applying appropriated waters to a beneficial use on the lands described in the application which received departmental approval. We do not concur in this view. The foregoing contention appears to arise from the language contained in section 46-229.02, R. R. S. 1943, which states: "If it shall appear that any water appropriation has not

been used for some beneficial or useful purpose, or having been so used at one time has ceased to be used for such purpose for more than three years, the department shall appoint a place and time of hearing, * * * to show cause * * * why the water appropriation owned by such person should not be declared forfeited and annulled, * * *." The power district cites the following from Enterprise Irrigation Dist. v. Tri-State Land Co., 92 Neb. 121, 138 N. W. 171, as supporting its position: "This precise question may never arise again in this state, for by an amendment made in 1911 to section 18, ch. 93a, Comp. St., a time is specifically limited for the application of water, and a method of procedure established by which the question of nonuser or lack of diligence is determined."

In a consideration of this contention we take note of the fact that the irrigation law of this state was substantially changed in 1895 in that the department was then charged with the duty of adjudicating the rights of appropriators. Laws 1895, c. 69, § 16, p. 248. It is evident, also, that there were numerous applications not perfected and many appropriations which had been abandoned that required legislative attention. The Legislature in 1911 directed the department to proceed to adjudicate all rights of appropriators which had not been adjudicated, and directed the department to forfeit and annul all appropriation rights where it appeared that any water appropriation had not been used for some beneficial or useful purpose, or having been so used at one time had ceased to be used for such purpose for more than 3 years. Laws 1911, c. 153, § 17, p. 503. We do not construe this to mean that the statute requires that an appropriator is necessarily limited to such period of 3 years in putting appropriated waters to beneficial use under a new application. We think the time in which such waters must be put to a beneficial use must be determined from the terms, conditions, and limitations of the adjudicated appropriation right. The Enterprise

case misconstrues the meaning of the statute, particularly when considered in the light of its legislative history and purpose.

The initial step for procuring an appropriation right for irrigation purposes is the filing of an application for such permit. The granting of the application, in full or in part, is an adjudication which fixes the maximum volume of the appropriation, the rate of diversion, and the priority date. If an applicant is dissatisfied with the terms of the appropriation allowed, he must appeal, or the order becomes a final and binding adjudication. Its grant by the department is notice to senior and junior appropriators, as well as new applicants, of the extent of the appropriation. The grant of the appropriation by the department, however, is a conditional right which becomes a perfected and completed appropriation only when the works are completed and the waters put to a beneficial use in compliance with the conditions and limitations of the grant. It confers upon the applicant the prior right to the water against all subsequent applicants during the progress of the work if, and only if, he finally complies with the conditions and limitations of the appropriation as adjudicated by the department. Commonwealth Power Co. v. State Board of Irrigation, 94 Neb. 613, 143 N. W. 937.

We necessarily conclude that the volume of water to be diverted and the rate of its diversion, as well as the priority date of the appropriation, are controlled in the instant case by the terms, conditions, and limitations of the department's grant made on September 15, 1936. This was an adjudication of the irrigation district's application and, in the absence of an appeal to this court, became final and binding. The date fixed by this final adjudication for applying water to a beneficial use to the lands set out in the application was October 1, 1944, a date 5 years after the time fixed for the construction of the irrigation district's irrigation works. We hold that the department's order granting the appropriation

fixes the time for the applying of water to a beneficial use, and not section 46-229.02, R. R. S. 1943, as claimed by the power district.

The irrigation district contends that the department has the authority to extend the time in which the terms, conditions, and limitations of the grant may be met. In this respect the irrigation district points out that the rules promulgated by the department provide for the filing of petitions for the extension of time in which water may be beneficially applied to the lands described in the application for the appropriation which was granted. It is pointed out, also, that the department has on many occasions issued such orders extending the time in which water may be applied to lands subject to an appropriation.

Under the provisions of section 46-209, R. R. S. 1943, the department is required to adopt rules, the pertinent part being: "The Department of Roads and Irrigation is given jurisdiction over all matters pertaining to water rights for irrigation, power or other useful purposes, highways and drainage, and shall adopt rules governing matters coming before it." There can be no question of the right of the department to adopt procedural rules to expedite the determination of matters over which it has been given jurisdiction. While the rules cited in the present case may be procedural in their nature, they are set up to include and expedite matters which the department is not authorized to determine. The adjudicated appropriation of September 15, 1936, provides that water must be beneficially applied to the described lands by October 1, 1944. If this provision was unsatisfactory the order should have been appealed from. No appeal having been taken, it is a final and binding provision of the appropriation granted, and is a limitation upon the appropriation on which other appropriators or new applicants have a right to rely. If this were not so the public record required to be made in the office of the department would serve no useful purpose as a

public notice of the terms, conditions, and limitations of the appropriator's adjudicated grant. If, after adjudicating an applicant's appropriation right, the department could change the effect of the same in a manner not authorized by statute, the adjudication would be reduced to uncertainty and be devoid of the finality that an adjudication implies. We think that the department has no more authority to extend the time for applying water to beneficial use beyond the time fixed in its adjudicated order than it has to change or amend the provisions of other terms, conditions, or limitations contained in the appropriation which it adjudicated. While the department has authority to promulgate rules by which controversial matters may be heard and determined, it is not granted authority to expand, amend, or destroy adjudicated rights. To provide procedural processes by rules to expedite the determination of matters within its jurisdiction is one thing; to provide rules to limit or expand adjudicated rights is quite another. The one is authorized; the other is not. This conclusion is supported by our statement in Plunkett v. Parsons, 143 Neb. 535, 10 N. W. 2d 469, wherein we said: "The legislative grant of jurisdiction to the department of roads and irrigation does not extend to it power to adjudicate vested rights * * *." We conclude that the department has no authority to extend the time for the application of water to a beneficial use on lands described in the adjudicated appropriation beyond the time therein fixed and, consequently, its promulgated rules providing for such extensions are of no force and effect.

It is pointed out that this court in the case of In re Application of Babson, 105 Neb. 317, 180 N. W. 562, affirmed an order by the department extending the time to commence work on a hydroelectric power plant for the operation of which an appropriation of water for power purposes had been made. The court found that "unavoidable cause" had been shown under the provisions of the statute, which is now section 46-238, R. R.

S. 1943. An examination of this section reveals that within 6 months from the grant of an appropriation right the applicant must commence the excavation or construction of the works in which it is intended to divert the water and that the applicant "shall vigorously, diligently and uninterruptedly prosecute such work to completion unless temporarily interrupted by some unavoidable and natural cause." It is plain therefore that an extension of time for construction of a project could be extended where it was temporarily interrupted by some unavoidable and natural cause. The provision has no application to the applying of water to a beneficial use on the lands described in the approved application. A reading of the opinion in the Babson case will plainly reveal its nonapplicability to the case before us.

We necessarily come to the conclusion that the irrigation district's appropriation of water for irrigation purposes was adjudicated on September 15, 1936, and finally determinable by the provisions of the grant on October 1, 1944. The district's appropriation right was initiated by an application. It was considered and approved by the department. No appeal was taken and the order of the department became a final adjudicated order. It is true that the order was conditional and that the appropriation was perfected only when compliance with the terms, conditions, and limitations of the adjudicated grant had been met. The grant provided that construction should commence on or before March 15, 1937, and should be completed on or before November 1, 1939. A map or plat was required to be filed in accordance with the rules of the department. No complaint is made of any noncompliance with these conditions. The grant provided further that the amount of the appropriation should not exceed 260 cubic feet per second of time and that it should be limited to one-acre foot for each acre of land to which water was actually and usefully applied on or before October 1, 1944. These conditions are limitations upon the extent of the appro-

priation granted and constitute an adjudication of the district's appropriation. The department enlarges the adjudicated right if it is permitted to extend the time water may be put to beneficial use and thereby permit the amount of the appropriation to be increased by one-acre foot for each acre of land to which water is beneficially applied after October 1, 1944. To permit such an extension is necessarily injurious to the adjudicated rights of junior appropriators and the rights of new applicants. We are required to hold that the number of acre feet to which the irrigation district is entitled under its appropriation is fixed by the determination of the number of acres of land described in the application to which water has been beneficially applied on or before October 1, 1944. The attempt of the department to extend the time beyond October 1, 1944, is in violation of law and a deprivation of the vested appropriation rights of subsequent appropriators. It is consistent with the general policy for the appropriation of public waters in this state. In State v. Birdwood Irr. Dist., 154 Neb. 52, 46 N. W. 2d 884, we stated that public policy in part as follows: "An appropriator will not be permitted to retain an interest in public waters, to which he has a valid appropriation, which are not put to a beneficial use. Such a rule would be contrary to the policy of the state that the necessity for water for irrigation is a public want and that the public waters of the state, available for appropriation for irrigation purposes, should be administered to secure the greatest benefit possible therefrom. An appropriator will not be permitted to retain an interest in the use of public waters which he has never put to a beneficial use, or having been once put to a beneficial use has failed for the statutory period to continue such beneficial use. It is the express duty of the department to determine the appropriations, or parts thereof, which are subject to forfeiture for nonuser and make the waters covered thereby available to junior appropriators or new appli-

cants. It is the duty of the department to protect the rights of any and all the appropriators of public waters. It is its duty also to see to it that the maximum amount of water may be subject to appropriation."

The order of the department appealed from is reversed and set aside for the reasons stated.

REVERSED.