IN RE WATER APPROPRIATIONS D-887 AND A-768.
BEERLINE CANAL COMPANY ET AL., APPELLANTS, V. DEPARTMENT OF WATER RESOURCES, APPELLEE.
482 N.W.2d 11

Filed March 27, 1992.    No. S-91-228.

John P. Heil, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellants.

Don Stenberg, Attorney General, Don Blankenau, and, on brief, Laura H. Essay for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

## NATURE OF THE CASE

The Nebraska Department of Water Resources (Department) initiated these proceedings to determine whether certain water appropriations should be canceled because of nonuse for more than 3 consecutive years. See Neb. Rev. Stat. § 46-229.02 (Reissue 1988). The suit involves water appropriation D-887, which has a priority date of October 13, 1894, and grants the right to divert 30 cubic feet per second (cfs) of water from the North Platte River into the Beerline Canal for the purpose of irrigating approximately 2,100 acres of land in Morrill County, Nebraska, and water appropriation A-768, which has a priority date of September 19, 1904, and grants the Beerline Irrigation Canal Company rights to storage water from the Pathfinder Reservoir in Wyoming for the purpose of irrigating much the same land as is covered by appropriation D-887.

After providing notice to the named appellant, Beerline Canal Company, and all persons appearing to own property entitled to water under either appropriation (hereinafter collectively called Beerline), the Department held a hearing on October 4, 1990. Based upon evidence presented at this hearing, the Department found that 1,107 acres granted water rights under appropriation D-887 were not irrigated during the prior 3

years and that no sufficient excuse for such nonuse existed. The Department accordingly canceled water rights under appropriation D-887 for these 1,107 acres. The Department also found that portions of the land granted rights to storage water under appropriation A-768 were unirrigated without excuse during the previous 3 years and canceled water rights under appropriation A-768 for these lands as well. Beerline does not contest these findings.

In addition to canceling water rights for lands not irrigated for 3 consecutive years, the Department reduced the flow rate available to Beerline under appropriation D-887 from 30 cfs to 14.19 cfs. Also, the Department found that two tracts of land in Township 19 North, Range 48 West of the 6th P.M., received irrigation water from the canal, though not included in the lands granted rights under appropriation D-887. The Department concluded that these tracts were no longer entitled to water under appropriation D-887. After the Department overruled Beerline's motion for a rehearing, Beerline appealed to this court.

## ASSIGNMENTS OF ERROR

Beerline's eight assignments of error combine to assert that (1) the Department lacked legal authority to reduce Beerline's flow rate from 30 to 14.19 cfs, (2) the Department's determination regarding lands not entitled to water under appropriation D-887 violated Beerline's due process rights because no notice was provided of that issue, and (3) the Department's findings regarding lands not entitled to water under appropriation D-887 are inconsistent with the evidence in the record.

## STANDARD OF REVIEW

On appeal from a decision of the Department of Water Resources, this court is to " 'search only for errors appearing in the record.' " *In re Applications T-61 and T-62*, 232 Neb. 316, 323, 440 N.W.2d 466, 471 (1989). Under this standard of review, our inquiry is limited to determining whether the decision conforms to the law, is supported by competent and relevant evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

## REDUCTION OF THE FLOW RATE

Beerline's first assignment of error involves a question of law concerning the Department's authority to reduce its flow rate under appropriation D-887. In order to address Beerline's argument, it is necessary for us to briefly review the legal and factual circumstances surrounding construction of the Beerline Canal.

Under the irrigation act of 1889, a person could obtain a water right by posting a notice of the claimed right at the point of diversion, filing a copy of the notice with the county clerk within 10 days of its posting, commencing excavation or construction of the diversion works within 60 days of the posting, and prosecuting the work diligently and uninterruptedly to completion. Comp. Stat. ch. 93*a*, art. I, §§ 8 and 9 (1889). Compliance with these procedures resulted in the claimant's right to use the water relating back to the date the notice was posted. Comp. Stat. ch. 93*a*, art. I, § 11 (1889). The only limitation upon the quantity of water available under an appropriation acquired in this manner was that the person holding the rights use no more water "than good husbandry requires for the crop or crops that [the holder] cultivates . . . ." Comp. Stat. ch. 93*a*, art. II, § 14 (1889). This limitation merely codified the common-law rule that a person could not divert, even under a valid appropriation, more water than he could put to a beneficial use. *State v. Birdwood Irrigation District*, 154 Neb. 52, 46 N.W.2d 884 (1951).

The water appropriation laws were substantially changed in 1895. In that year the Legislature charged a state board of irrigation (Board) with adjudicating the water rights and priorities of all those on record as claiming an appropriation. Comp. Stat. ch. 93*a*, art. II, §§ 4 and 16 (1895). The 1895 act provided that "no allotment for irrigation shall exceed one cubic foot per second for each 70 acres of land for which said appropriation shall be made," but also that "[n]othing in this act contained shall be so construed as to interfere with or impair the rights to water appropriated and acquired prior to the passage of this act." Comp. Stat. ch. 93*a*, art. II, §§ 20 and 49 (1895). Finally, the 1895 act established a procedure by which persons aggrieved by a determination of the Board could appeal

to the district court within 60 days of the Board's decision. Comp. Stat. ch. 93*a*, art. II, §§ 22 and 23 (1895).

Pursuant to a "claim affidavit" filed by those claiming rights to water from the "Beerline Ditch," the Board held a hearing on July 14, 1896, to adjudicate the claimants' water rights. The Board found that a notice of appropriation was posted at the point of diversion on October 13, 1894, a copy thereof was filed with the county clerk on October 16, and excavation and construction of the canal began on October 20. Based upon these findings, the Board determined that Beerline held a water right with a priority date of October 13, 1894, for the irrigation of approximately 2,100 acres located in Township 19 North, Range 48 West of the 6th P.M. Regarding the quantity of water available under the appropriation, the Board stated that the amount diverted

> shall not exceed thirty (30) cubic feet per second of time, neither shall it exceed the capacity of said ditch or canal nor the least amount of water that experience may hereafter indicate as necessary for the production of crops in the exercise of good husbandry; and, further, said appropriation under any circumstances, shall be limited to one-seventieth (1/70) of a cubic foot per second of time for each acre of land to which water is actually and usefully applied on or before September 1, 1899.

On October 26, 1905, upon the petition of Beerline, the State Engineer held a hearing and determined that certain lands entitled to irrigation from the Beerline Canal were inadvertently omitted from the Board's original adjudication order. The State Engineer accordingly amended the original order to correctly reflect the lands entitled to water from the canal, noting that the original judgment and finding "is in all other respects approved and confirmed." No appeal was taken from either of these adjudications.

Based upon the foregoing, Beerline argues that because it acquired its water right at a time when the only quantity limitation upon water appropriations was that the holder use no more water than good husbandry required, its right to continue diverting this amount is a vested right to which the additional limitations included in the 1895 act do not apply. With this

proposition we agree. See *Enterprise Irrigation District v. Willis*, 135 Neb. 827, 284 N.W. 326 (1939) (provisions in later irrigation statutes limiting the quantity of water available under an appropriation do not apply retroactively to appropriations acquired pursuant to the 1889 act). However, reference to *Willis* is not sufficient to dispose of this case.

In *North Loup River P. P. & I. Dist. v. Loup River P. P. Dist.*, 162 Neb. 22, 74 N.W.2d 863 (1956), the Department of Roads and Irrigation granted the North Loup River Public Power and Irrigation District certain water rights for the purpose of irrigation. The department's order required that the irrigation district complete construction of the project and apply water to the beneficial use by October 1, 1944. Thereafter, the irrigation district applied for three separate extensions of the deadline for applying water to the beneficial use. The irrigation works had been completed in 1938, and the water had been available for use for more than 10 years at the time the third application for an extension was filed. The department granted the latter two applications over the objection of the Loup River Public Power District, and the public power district appealed.

On appeal, this court reversed the decision of the department granting the extensions. In so doing the court explained that in adjudicating water rights pursuant to statutory authority, the department exercises "quasi judicial powers." *Id.* at 26, 74 N.W.2d at 866. Noting that the applicable statute granted a party adversely affected by a department decision the right to an appeal, the court held that when no such appeal is taken, a decision of the department becomes a final and binding adjudication. The court reasoned that "[i]f this were not so the public record required to be made in the office of the department would serve no useful purpose as a public notice of the terms, conditions, and limitations of the appropriator's adjudicated grant." *Id.* at 29-30, 74 N.W.2d at 868. Thus, the court concluded that the department's original order requiring the irrigation district to complete construction and apply water to the beneficial use by October 1, 1944, was not subject to subsequent modification.

The principles enunciated in *North Loup River* are directly applicable to this case. In adjudicating Beerline's water rights,

the Board exercised quasi-judicial authority. Though the 1895 act provided a mechanism for aggrieved parties to appeal Board decisions, Beerline did not appeal the Board's 1905 order. The Board's action therefore became a final and binding adjudication of the rights acquired under the 1894 appropriation. Beerline cannot now collaterally attack the Board's decision. See *Schilke v. School Dist. No. 107*, 207 Neb. 448, 299 N.W.2d 527 (1980) (the rule that a judgment is not subject to collateral attack if the court had jurisdiction of the parties and the subject matter applies to administrative boards and tribunals acting in a quasi-judicial capacity).

The 1905 adjudication clearly limits Beerline to 1 cfs per 70 acres of land to which water is actually and usefully applied. Though the Board may have erred as a matter of law in imposing that restriction, Beerline did not appeal the Board's decision and cannot now collaterally attack it. Given the uncontested finding that in the 3 years prior to the hearing, Beerline irrigated only 993 acres granted rights under appropriation D-887, the Department did not err in reducing Beerline's flow rate to 14.19 cfs. Beerline's first assignment of error is without merit.

## ADEQUACY OF THE NOTICE OF HEARING

Beerline next questions the Department's determinations that certain lands admittedly irrigated with water from the Beerline Canal are not included in appropriation D-887 and, thus, that irrigation under D-887 must cease. The lands at issue are a 10-acre tract in the northeast quarter of the northeast quarter of Section 29 and an 89-acre tract in the south half of Section 28, both located in Township 19 North, Range 48 West of the 6th P.M. Beerline argues that because the notice of hearing raised only the issue of cancellation of certain valid appropriations for nonuse, the Department violated Beerline's "procedural due process" rights by addressing the scope of the appropriation itself. Beerline's second assignment of error raises a constitutional question. In reviewing the orders of administrative agencies, it is the practice of this court to consider such questions when raised on direct appeal. *Metropolitan Utilities Dist. v. Merritt Beach Co.*, 179 Neb. 783,

140 N.W.2d 626 (1966).

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). In the absence of a protected liberty or property interest, the right to notice and some kind of hearing is not implicated. See *id*. See, also, *Heinzman v. County of Hall*, 213 Neb. 268, 328 N.W.2d 764 (1983). A property interest in a benefit exists only if a person has a legitimate claim of entitlement to it. *Roth, supra*. Property interests are created and their dimensions defined "by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." 408 U.S. at 577. Based upon the foregoing principles, it is apparent that the Department's determination in this case regarding tracts not included under appropriation D-887 deprived Beerline of no protected property interest.

The irrigation act of 1895 required the Board to adjudicate the priority dates, amount, and character of all appropriations previously acquired and on record. Comp. Stat. ch. 93*a*, art. II, §§ 16 and 19 (1895). Such an adjudication occurred in this case on October 26, 1905, when the State Engineer entered an order specifically listing the lands entitled to irrigation water from the Beerline Canal. As discussed above, this order is a final and binding adjudication of Beerline's water rights under appropriation D-887. The order does not mention any land in the northeast quarter of the northeast quarter of Section 29 or in the south half of Section 28, and, thus, these lands are not entitled to water from the canal. Moreover, a person cannot acquire the right to water from an irrigation district or canal company merely by using such waters for irrigation purposes for a period of time. *State v. Birdwood Irrigation District*, 154 Neb. 52, 46 N.W.2d 884 (1951).

Clearly, state law created no legitimate claim of entitlement to water from the Beerline Canal for the purpose of irrigating these tracts. Therefore, in ordering irrigation of these lands under appropriation D-887 to cease, the Department did not

deprive Beerline of a protected property interest, and the strictures of procedural due process do not apply. Beerline's second assignment of error is also without merit.

### SUFFICIENCY OF THE EVIDENCE

For its final assignment of error, Beerline argues that the Department's findings regarding lands not entitled to water under appropriation D-887 are not supported by the evidence. In support of this assertion, Beerline relies primarily upon a map (exhibit 11) entered into evidence at the October 4 hearing. This map, dated 1900, purports to correctly show the lands irrigated by the Beerline Canal and seems to include the disputed tracts in the northeast quarter of the northeast quarter of Section 29 and in the south half of Section 28.

However, as noted above, this court will sustain factual determinations made by the Department which are supported by competent and relevant evidence. *In re Applications T-61 and T-62*, 232 Neb. 316, 440 N.W.2d 466 (1989). The evidence in the record also includes a map created by the Department which clearly excludes the disputed tracts from the areas covered by appropriation D-887 (exhibit 12). More importantly, the Board's 1905 order adjudicating Beerline's water rights does not include these tracts (exhibit 8). Though the map upon which Beerline now relies was apparently available at the time of the 1905 hearing, Beerline did not appeal, and the Board's determination is therefore final and binding. Beerline's third assignment of error is without merit.

Because none of the appellants' assignments of error are meritorious, the action of the Department is in all respects affirmed.

AFFIRMED.

CAPORALE, J., not participating.