WALTER MOISE v. W. C. POWELL.

FILED MAY 15, 1894.   No. 4778.

1. **Appeal from Justice Courts: APPEARANCE IN APPELLATE COURTS.** Where the law expressly forbids an appeal in a certain class of cases, the appearance of the appellee does not confer jurisdiction upon the appellate court. In such case there is a want of jurisdiction of subject-matter. *Minneapolis Harvester Works v. Hedges*, 11 Neb., 46, distinguished.

2. ——: Jurisdictional Amount. Where a case was tried to a
jury in a justice's court, the right to appeal depends upon the
amount claimed in the bill of particulars. Where the prayer is
for judgment for $20, the defendant cannot insist upon the al-
lowance of interest in addition to that sum for the· purpose of
giving him the right to appeal.

3. ——: ——: Constitutional Law. Sections 985 and 1017
of the Code of Civil Procedure, forbidding appeals from judg-
ments of justices of the peace where not more than $20 is
claimed in the bill of particulars and the case is tried to a jury,
are not repugnant to the constitution.

Error from the district court of Kearney county. Tried
below before Gaslin, J.

*St. Clair & McPheely,* for plaintiff in error, cited: *Min-
neapolis Harvester Works v. Hedges,* 11 Neb., 46.

*Godfrey & Godfrey, contra.*

No briefs on behalf of defendant in error.

Irvine, C.

The defendant in error Powell sued the plaintiff in error
Moise before a justice of the peace for damages alleged to
have been sustained by the injury of defendant in error's
buggy while in the possession of plaintiff in error. The
prayer was for judgment for $20. There was a trial to a
jury and a verdict and judgment for the defendant in error
for $20. The plaintiff in error filed an undertaking in ap-
peal, and thereafter, within the statutory time, filed a tran-
script in the district court for the purpose of taking an ap-
peal.· Later, the district court, on application of the
defendant in error, gave him leave to file his petition in
twenty days from the date of the order, which was beyond
the statutory time for filing a petition. Still later, the de-
fendant in error moved to dismiss the appeal, for the reason
that the amount claimed by him did not exceed the sum of
$20, that the cause was tried to a jury in the justice court,

and that the action was not appealable. This motion was sustained, and from that order error is prosecuted.

Section 985 of the Code of Civil Procedure is as follows: "If either the plaintiff or defendant, in his bill of particulars, claims more than $20, the case may be appealed to the district court; but if neither party demands a greater sum than $20, and the case is tried by a jury, there shall be no appeal." Section 1017 is as follows: "Appeals in the following cases shall not be allowed: * * * Second—In jury trials, where neither party claims in his bill of particulars a sum exceeding $20." * * * It was, doubtless, under these statutory provisions that the district judge dismissed the appeal.

In the brief of the plaintiff in error it is suggested that the appearance of the defendant in error in the district court, and his obtaining an extension of time to file his petition, waived any defect of jurisdiction. It is proper to say, however, that counsel in that connection express very frankly their own doubt as to the soundness of that suggestion, but they cite *Minneapolis Harvester Works v. Hedges*, 11 Neb., 46, in support of that view. In that case it was held that where the defendant, in an action before a justice of the peace, had failed to appear and then undertook to appeal from a judgment rendered by default, the appellee waived the objection to the appeal by appearing in the district court and filing pleadings to the merits. Prior thereto it had been held (*Clendenning v. Crawford*, 7 Neb., 474) that because a judgment rendered by a justice of the peace in the absence of a party may be set aside upon motion for that purpose, no appeal would lie until after such a motion had been made. This was upon the principle that the setting aside of the judgment was a complete remedy in the justice's court and was a special provision giving a remedy other than appeal, and that this remedy must be exhausted before an appeal could be taken. The district court was not excluded by statute from exer-

cising jurisdiction of appeals in such cases, but the right to appeal was denied because the remedy in the inferior court had not been exhausted. Therefore, *Minneapolis Harvester Works v. Hedges* simply held that joining issues in the appellate proceedings constituted a waiver of the appellant's right to insist upon that rule. In this case the statute absolutely forbids an appeal where the amount claimed is not more than $20, and the case was tried to a jury. Therefore, in such a case the district court has no jurisdiction of the subject-matter, and the appellee, by appearing, does not waive that objection.

The plaintiff in error also contends that the defendant in error, if entitled to recover at all, was entitled to interest, and that interest added to the $20 damages by him claimed made the amount in controversy more than $20, and therefore rendered the case appealable. The defendant in error did not pray judgment for interest, but only for $20. Whether or not he was entitled to interest in such a case need not be decided. In *Finch v. Hartpence*, 29 Neb., 368, the plaintiff prayed judgment for $20 with interest, and after an appeal had been taken moved to dismiss the appeal because he had filed a remittitur reducing the amount claimed to $19. The court held that the amount claimed in the bill of particulars determined the right to appeal, and that the plaintiff, by reducing the amount of his demand, could not defeat that right. In *Northern P. R. Co. v. Booth*, 14 Sup. Ct. Rep., 693, the supreme court of the United States held that where judgment had been rendered for $5,000, and the defendant, after judgment, procured it to be increased so as to include interest, such action was inoperative to give the supreme court jurisdiction in error. This case was stronger than that we are considering. There it was conceded that the right to review depended upon the amount of recovery and the judgment had actually been entered for the larger amount. Here the right to appeal depends upon the amount claimed, and certainly the appel-

Moise v. Powell.

lant cannot be permitted to insist upon the allowance of an amount greater than was either claimed or recovered in order to give him the right to appeal.

The principal objection is that the sections of the Code of Civil Procedure referred to are unconstitutional. The constitutional provisions referred to are sections 6 and 24 of the bill of rights. Section 6 is as follows: "The right of trial by jury shall remain, inviolate, but the legislature may authorize trial by a jury of a less number than twelve men, in courts inferior to the district court." Section 24 is as follows: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." The sections of the Code referred to do not conflict with these provisions. Section 6 guaranties a jury trial, but expressly permits the legislature to provide, as it has done, for a jury of less than twelve men in inferior courts. Such a jury the parties have had the benefit of. Section 24 guaranties the right to be heard in the court of last resort, but not necessarily by appeal. It is only requisite that a resort to that court should be permitted by appeal, error, or otherwise. The plaintiff in error might have filed his petition in error in the district court and had the case there reviewed, and thence might have proceeded to this court. The statute does not, by forbidding an appeal to the district court, prevent his being here heard. It merely deprives him of one method of review, leaving another and adequate remedy open to him.

JUDGMENT AFFIRMED.