CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V. JAMES B. HEADRICK.

FILED OCTOBER 7, 1896. No. 7518.

1. Appeal From Justice Court: AMOUNT OF CLAIM: CONSTITUTIONAL LAW. Sections 985 and 1017, Code of Civil Procedure, denying appeals from judgments of justices of the peace where the amount claimed does not exceed $20, are not repugnant to sections 6 and 24 of the bill of rights. (*Moise v. Powell*, 40 Neb., 671.)

2. ———: ———: ———. Nor is the denial of the right of appeal in such case violative of section 3 of the bill of rights, prohibiting the taking of private property without due process of law.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*A. G. Greenlee* and *J. W. Deweese,* for plaintiff in error.

*Mockett & Polk, contra.*

POST, C. J.

This proceeding originated before a justice of the peace for Lancaster county, where defendant in error claimed the sum of $20, the value of certain live stock killed through alleged negligence in the management of an engine upon plaintiff in error's line of road in said

county. There was a jury trial, resulting in a verdict and judgment for the plaintiff therein, from which an appeal was by the defendant below taken to the district court, where, upon the motion of the former, the appeal was dismissed and which is the ruling now assigned as error.

It was held in *Moise v. Powell*, 40 Neb., 671, that the provisions of sections 985 and 1017, Code of Civil Procedure, denying appeals from judgment of justices of the peace where the amount claimed does not exceed $20, are not repugnant to sections 6 and 24 of the bill of rights. We are, however, asked to re-examine the subject and overrule the doctrine of that case for reasons hereafter stated.

It is argued, first, that the remedy by proceedings in error in the class of cases contemplated is inadequate, since, as held in *Chicago, B. & Q. R. Co. v. Goracke*, 32 Neb., 90, the law has conferred upon justices of the peace authority to certify exceptions to their rulings upon questions of law only, and unless the remedy by appeal exists as in other cases, the right reserved by the constitution to be heard in the court of last resort is indeed a barren one. But the reasoning employed, although plausible, is by no means convincing. It has frequently been said that the remedy by appeal is a purely statutory right and exists only when specially conferred (*State v. Ensign*, 11 Neb., 529; *Bevins v. Ramsay*, 11 How. [U. S.], 184; *People v. Trezza*, 128 N. Y., 529; Elliott, Appellate Procedure, sec. 97, and cases cited); and where, in an action following the common law, the constitution guaranties the right to a hearing in a court possessing appellate jurisdiction only, but without regulating the procedure therefor, and the statutory provision is inadequate for the purpose, the remedy is, without doubt, by means of the ancient common law writ of error. (2 Ency. of Pleading & Practice, 27, and cases cited.) The question presented is not the adequacy of the statutory remedy in the case at bar by proceedings in error, but the authority to prose-

cute an appeal under the provisions of the Code which in terms denies such right. Any course of reasoning upon the subject leads to the result reached in *Moise v. Powell,*—a conclusion to which we are, as the result of a second examination, satisfied to adhere.

The statute under consideration is assailed on the further ground that it contemplates the taking of property without due process of law, and is accordingly in conflict with section 3 of the bill of rights. The term "due process of law" has been often defined as such an exertion of the powers of government as are sanctioned by the settled maxims of the law and under such safeguards for the protection of individual rights as those safeguards prescribed for the class of cases to which the one in question belongs. (Cooley, Constitutional Limitations, 355.) It has never been construed as the right to be heard in the court of last resort, or even according to the course of the common law, but is satisfied by a proceeding applicable to the subject-matter and conformable to such general rules as affect all persons alike. The remedy in this case, by trial of the issues of fact to a jury selected in accordance with a general law applicable to all cases of the class to which it belongs, and the right to be heard in the court of last resort upon questions of law presented at the trial and certified by the justice, certainly satisfies the constitutional requirement of due process of law. The judgment of the district court is right and will be

AFFIRMED.