STATE OF NEBRASKA ET AL., APPELLANTS, V. OLIVER BROTHERS, APPELLEES.

FILED JANUARY 24, 1930. No. 26996.

*Scott & Scott,* for appellants.

*Cordeal, Colfer & Russell, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and LANDIS, District Judge.

DEAN, J.

F. C. Krotter, plaintiff, filed a complaint before the department of public works, hereinafter called the department, seeking to have the water rights of the defendants, Oliver Brothers, canceled. Number 1284 is the appropriation number. The application for cancelation is based on the alleged ground that the water had not been used by the defendants for more than three years immediately last past. After a hearing before the department the complaint was dismissed. Thereupon the plaintiff appealed to the district court for Hayes county and the decision of the department was there affirmed and Krotter's appeal was dismissed.

Plaintiff has brought the record to this court to have it reviewed.

Counsel for the defendants Oliver contend that the appeal was improperly taken to the district court, and that this court therefore is without jurisdiction over the appeal. It is their contention that section 8428, Comp. St. 1922, under which this complaint was filed, does not provide for a proceeding between individual claimants of water but pertains to complaints originating with the department, and that the plaintiff should have appealed directly to this court from the department's decision as provided in sections 8433 and 8434, Comp. St. 1922. Section 8428, above cited, among other things, provides for an examination and hearing by the department of the condition of any water appropriation which does not appear to have been used for more than three years. The same section also provides for an appeal from the decision of the department to the district court for the county in which the point of diversion of such water appropriation is situated. Section 8433 provides that the department shall have jurisdiction over all matters pertaining to water rights and shall have power to hold public hearings on complaints in regard thereto. And section 8434 provides for an appeal to the supreme court by any party aggrieved by the decision of the department. After the complaint was filed by plaintiff, the department appointed a time and place of hearing and served notice on the defendants, as provided in section 8428. Since the inquiry proceeded under section 8428, which provides that "an appeal may be taken from the decision of the department of public works upon said hearing to the district court of the county in which the point of diversions of such water appropriation is situated," as above noted, we think the district court did not err in overruling the special appearance of the defendants.

Application number 1284, filed by the defendants, has a priority date of April 28, 1913, and is a permit to divert 55 cubic feet of water per second from the Frenchman river near Wauneta, the water to be used in the operation of a pumping plant for irrigation purposes. The plant requires

a dam not to exceed eight feet in height and is located in the SE¼ of SW¼ of section 7, township 5 north, range 35 west of the 6th P. M., in Hayes county. In a report filed by C. E. Franklin, hydrographer, June 25, 1927, it appears that the canal has been undermined by high water in the ravine and that the dam was almost completely ruined in 1922. The defendants began repair work to fill in the channel and by means of sheet piling, between which brush, rock, and earth were placed, the channel was closed to the height of the dam, except for a small leak. It appears from the report of the hydrographer that much money has been expended by defendants for concrete work done in 1926 in an attempt to repair the dam.

From the evidence of Walter J. Oliver, one of the defendants, it appears that in the fall of 1923 new walls were constructed on the dam, and again in 1924 more work was done by the defendants, and it became necessary to "back the water about five feet to get it back over the original dam." The total cost of repair work during the summer of 1924 was $3,800. Mr. Oliver also testified that in 1925 it was necessary for them to hire men to work 75 days to fill 2,000 yards of dirt into the dam and otherwise repair it, and that $650 was expended by them for labor in this behalf. And he further testified that more dirt was used in 1926 to fill in the banks.

An engineer who had charge of the dam when it was constructed testified in respect of the effort made by the defendants to repair the dam and operate the plant since it was washed out. It appears that approximately 200 acres of land were irrigated by the plant during the years it was being operated.

It must be conceded that the department of public works is an administrative body, having quasi judicial functions, and that as such it is invested with reasonable discretion in the exercise of its supervisory powers. *In re Application of Babson,* 105 Neb. 317.

In *Union Grain & Elevator Co. v. McCammon Ditch Co.,* 41 Idaho, 216, the court held: "'Abandonment' is the relinquishment of a right by the owner thereof, without any

regard to future possession by himself or any other person, but with the intention to forsake or desert the right."

And in *Gould v. Maricopa Canal Co.,* 8 Ariz. 429, it was held: "Abandonment of the right to water gained by appropriation is a matter of intent as such intent may be evidenced by the declaration of the party or as may be fairly inferred from his acts."

There is nothing in the record that tends to establish that the defendants intended at any time to abandon the irrigation system now here under discussion. The evidence discloses that they have done much repair work on the dam and that no effort was spared to continue the operation of the plant for irrigation purposes and that they have done all that could reasonably be required of them in the premises.

The judgment of the learned trial court is

AFFIRMED.