DAWSON COUNTY IRRIGATION COMPANY, APPELLANT, V. ADAM McMULLEN ET AL., APPELLEES.

FILED JULY 17, 1930. No. 27264.

*W. M. Cook* and *Beeler, Crosby & Baskins,* for appellant.

*C. A. Sorensen, Attorney General, Beatty & Halligan* and *T. F. Neighbors, contra.*

*W. V. Hoagland, amicus curiæ.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

GOOD, J.

This is an action to enjoin the state officials comprising the department of public works from conducting a hearing, pursuant to the provisions of section 8428, Comp. St. 1922, for the purpose of determining whether plaintiff's water appropriations for irrigation purposes should be declared forfeited and annulled because of abandonment or non-use. To the amended petition general demurrers were sustained. Plaintiff elected to plead no further. Judgment of dismissal was entered, from which plaintiff appeals.

Plaintiff bases its right to injunctive relief on the ground that said section 8428, as construed by defendants, is unconstitutional, and that defendants, therefore, have no right or power to conduct hearings pursuant to its provisions.

Section 8428, Comp. St. 1922, *inter alia,* provides: "All appropriations for water must be for some beneficial or useful purpose, and when the appropriator or his successor in interest ceases to use it for such purpose the right ceases. The department of public works shall, as often as necessary, examine into the condition of every water appropriation, * * * and shall compile information concerning the condition of every water appropriation, * * * and if it shall appear that any water appropriation has not been used for some beneficial or useful purpose, or having been so used at one time has ceased to be used for such purpose, for more than three years, the department of public works shall appoint a place and time of hearing and shall serve notice upon the owners of such water appropriation * * * to show cause by such time and at such place, why the water appropriation owned by such person should not be declared forfeited and annulled, and shall also serve such notice upon the landowners under such water appropriation, ditch or canal. Such notice shall contain the date and place of hearing, a description of

the water appropriation, the number thereof upon the books and records of the department of public works, the date of priority, the point of diversion and a description of the lands which are located under such water appropriation, and shall call upon all persons interested in said water appropriation to show cause why the same shall not be canceled or annulled. Such notice shall be served personally at least thirty days before said date of hearing upon those owning or controlling the water appropriation and the ditch, canal or reservoir for the purpose of using or storing water for any purpose whatsoever, * * * and a copy of such notice shall further be personally served or sent by registered mail to all persons appearing from the records of the county clerk or register of deeds to be landowners under such appropriation. At such hearing the verified report of the district superintendent shall be *prima facie* evidence for the forfeiture and annulment of such water appropriation. If no one appears at said hearing, such water appropriation shall be declared forfeited and annulled. If some one interested appears and contests the same, the department of public works shall hear evidence, and if it appears that such water has not been put to a beneficial use, or has ceased to be used for such purpose for more than three years, the same shall be declared canceled and annulled. An appeal may be taken from the decision of the department of public works upon said hearing to the district court of the county in which the point of diversions of such water appropriation is situated."

The section of the statute quoted is attacked on several grounds. It is charged, in effect, that the statute is unconstitutional because it purports to give to the department of public works judicial powers, in violation of section 1, art. V of the Constitution, which vests judicial powers in the tribunals therein named. That section of the Constitution also gives to the legislature the power to create other courts inferior in jurisdiction to the supreme court. However, this court has held that the section in question does not create a court, but that it creates an administrative body, with quasi-judicial powers.

In *Crawford Co. v. Hathaway,* 67 Neb. 325, it was said (p. 367) : "Such functions, it would seem, are clearly administrative in character, and not judicial. It is a judicial function to administer justice between litigants in cases where disputes arise and to settle these disputes according to law as administered in courts of justice. The board of irrigation (to which the department of public works is a successor), however, in many cases acts in advance of any dispute, and whether there is or will be a controversy in no way affects its powers. The courts can act only as controversies arise between litigants, and then only by determining the questions presented by the litigation. While there are some questions affecting property rights which grow out of the administration of the law by the state board of irrigation, and in which are involved matters in dispute calling for action of a quasi-judicial character, yet as to all these ample provisions are made for recourse to the courts. Powers of the same general nature and character are conferred upon almost every administrative body known to the statute, and regarding which it has frequently been decided are of a quasi-judicial nature, and yet such bodies are invariably held to be administrative, and to in no way conflict with the constitutional provisions regarding officers and bodies upon whom judicial power may be conferred. The state board of transportation, as heretofore organized in this state, the constitutionality of which has been invariably upheld when attacked, in all respects, save as to the manner of passing the law providing for its creation, is a fair illustration of the validity of legislation of this character. Numerous other boards and offices created by statutes, of an administrative character, and yet possessing powers of a quasi-judicial nature, might also be referred to if thought to serve any useful purpose. For the reasons given, we are of the opinion that the sections of the act in question are not obnoxious to the Constitution on the objections raised by counsel, and that the authority of the board of irrigation to make the determinations contemplated by the act, and the requirement of its approval as a condition to the

right of appropriation under the provisions of the act is a valid exercise of legislative power."

In *Farmers Canal Co. v. Frank,* 72 Neb. 136, a case involving a hearing before the state board of irrigation, it was held: "The powers of the state board of irrigation exercised under section 16, art. II, ch. 93a of the irrigation act of 1895, are quasi-judicial in their nature."

In *Enterprise Irrigation District v. Tri-State Land Co.,* 92 Neb. 121, it was held: "The constitutionality of the irrigation act of 1895 and of the provisions thereof creating the state board of irrigation and conferring on the board the right to determine priorities, reaffirmed"—following *Crawford Co. v. Hathaway,* 67 Neb. 325.

In *Kersenbrock v. Boyes,* 95 Neb. 407, it was held: "The state board of irrigation is a tribunal, quasi-judicial in its nature, with authority to perform statutory duties in administering public waters, and is not disqualified to hear a controversy between the state and an appropriator whose right is contested by the state." That was a case where rival applicants had asserted the right to use of the same public water at the same site. The state board of irrigation directed plaintiff to appear and show cause why his application should not be canceled. Upon a trial of the issues the state board canceled the plaintiff's application. On appeal to the district court the findings and order of the board were upheld, and its judgment was affirmed in this court.

*State v. Delaware-Hickman Ditch Co.,* 114 Neb. 806, involved a proceeding under section 8428, Comp. St. 1922, whereby the state, as here, sought to cancel a water appropriation for irrigation purposes on the alleged ground of nonuser. A hearing was had. The finding of the board was adverse to the state, and such finding was affirmed both in the district and supreme courts.

In *In re Application of Babson,* 105 Neb. 317, it was held: "The department of public works is an administrative body, having quasi-judicial functions, and is invested with reasonable discretion in the exercise of its supervisory powers."

In *State v. Oliver Bros.*, 119 Neb. 302, it was held: "The department of public works is an administrative body, having quasi-judicial functions, and is invested with reasonable discretion in the exercise of its supervisory powers."

"In proceeding under section 8428, Comp. St. 1922, before department of public works to have defendants' water rights canceled on ground that water had not been used by defendants for more than three years immediately last past, plaintiff's appeal from adverse determination of board was properly taken to district court, as against, contention that appeal should have been taken directly to supreme court." (228 N. W. 864)

By a long line of decisions this court is firmly committed to the proposition that, under said section 8428, the state board of irrigation and its successor, the department of public works, is an administrative body, possessing quasi-judicial powers, and that the section is not in violation of section 1, art. V of the Constitution.

It is further urged that the section is unconstitutional because the right of appeal from the decision of the department of public works in a proceeding of this character is so uncertain that it amounts to a denial of the right to be heard in the court of last resort. Counsel for plaintiff now concede that this question has been settled adversely to this contention in the case of *State v. Oliver Bros., supra,* and no longer insist upon that proposition.

It is insisted that the statute is unconstitutional because it authorizes and permits the taking of private property without due process of law. The statute affords opportunity for any one, who may be aggrieved by any finding or order in the premises entered by the department of public works, to appeal to the district court and from that court to the supreme court. One cannot be said to be deprived of his property without due process of law so long as he has recourse to the courts for the protection of his rights. The statute affords ample opportunity to plaintiff in this case, if aggrieved by any action of the department of public works, to seek redress from its decision to the courts. See *Moise v. Powell*, 40 Neb. 671. In *Reed v.*

*Reed,* 70 Neb. 779, it was said (p. 785) : "Due process of law may be said to be satisfied whenever an opportunity is offered to invoke the equal protection of the law by judicial proceedings appropriate for the purpose and adequate to secure the end and object sought to be attained." See, also, *Chicago, B. & Q. R. Co. v. Headrick,* 49 Neb. 286.

Plaintiff further contends that, if the statute in question authorizes any action by the department of public works, it is to cancel or annul the entire appropriation; that the department is not vested with power to cancel or annul the appropriation in part, and that it is about to proceed to, and will, unless enjoined, enter an order beyond the power conferred by said section. This contention is wholly without merit. It cannot be determined in advance what order or ruling may be made by the department in the exercise of its quasi-judicial functions, but, if any erroneous order is made, redress may be had by an appeal to the courts. Under the circumstances, plaintiff was not entitled to injunctive relief. The department was authorized to conduct a hearing. It will not be presumed in advance of such hearing that it will attempt to go beyond the powers conferred. Should it do so, redress may be had by an appeal from its decision.

Plaintiff urges and insists that a construction of section 8428, Comp. St. 1922, is imperative, to determine whether or not the department of public works is vested with the power to cancel and annul the water appropriation in part, or whether it is limited to the right to cancel and annul the appropriation *in toto* for nonuse or because of abandonment. That question is not properly before us at this time.

The only proposition presented here is whether or not plaintiff is entitled to enjoin a hearing by the department of public works. Had plaintiff submitted to a hearing before the department, a ruling made by it, and an appeal taken therefrom and brought to this court in that manner, the proper construction of the statute might have been involved, and, if so, would have been passed upon. The construction of the statute in that respect is not in-

volved in this appeal. To undertake to pass upon it would amount to dictum, and would not be binding in a subsequent case where the question was properly involved.

We find no error in the record. The judgment of the district court is

AFFIRMED.