KENNETH EMRY, APPELLANT, v. MARVIN F. LAKE ET AL., APPELLEES.

149 N. W. 2d 520

Filed March 31, 1967. No. 36489.

Robert V. Hoagland, for appellant.

Samuel C. Ely, J. Marvin Weems, John C. Coupland, and C. Russell Mattson, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Plaintiff sued to enjoin the county commissioners of Brown County, Nebraska, from taking his land for relocation of a road. The district court sustained a general demurrer to the petition. Plaintiff having elected to stand on his petition, the suit was dismissed. Contentions on appeal are: (1) The county board was attempting to exercise the power of eminent domain for private use. (2) Section 39-1725, R. R. S. 1943, authorizing the

board to relocate roads, is unconstitutional in that plaintiff had no right of appeal.

County Road No. 100 was located mostly on east-west section lines. The county board in December 1965, received from plaintiff and many others a petition concerning the road. Petitioners requested that the road at its then location be maintained in a reasonably passable condition for the public. They also requested that the board construct approaches for public access to State Highway No. 7.

The board acted in January 1966, without reference to the petition. Finding that the public interest might require relocation of the part lying east of the state highway, the board suggested a route approximately one-half mile north. Henry S. Miles was directed to study the use being made of the road and to submit a report and a recommendation concerning relocation.

Miles, who had been a commissioner of the county, submitted a report stating in part: "I drove to the Conrade-Emry area and made a visual inspection of * * * the South or hill road and the (suggested) north or bottom road. * * * the * * * hill road will require three-tenths of a mile more road bed or distance * * *, and since this distance is up a very steep hill which will be subject to drifting snow and washing rain, probably will cost considerably more to maintain. * * * the * * * hill road will require a prepared surfaced road bed to be built almost its entire distance with west one-third of a mile approaching highway #7 being a rather expensive operation so that it can be traveled at all. Also there will probably have to be constructed some * * * access to the Emry farmstead. The * * * bottom road could be built and maintained at a minimum cost because it is in a protected area with better soil * * *. either road would only serve two families for the present at least, and since there is a good surfaced county road about one-half mile south which runs east from Highway #7 * * * it would be hard to justify the hill road

that close * * *. where the * * * hill road would intersect on the highway will require a hazardous approach because of traffic * * * and lack of visibility * * *. either site will probably require the purchase of some land. * * * I have no interest * * * in this controversy * * *. I would recommend that the road follow the north or bottom route."

After publication of notice and a public hearing the board relocated the road along the north route. A proceeding in eminent domain was subsequently commenced to acquire 1.573 acres owned by plaintiff.

To allege private use plaintiff pleaded only that the relocation would be a private road for the sole benefit of Lawrence Conrad. The hypothesis is too conclusional for a cause of action. Tested by general demurrer a petition for an extraordinary remedy is strictly construed. School Dist. No. 25 v. De Long, 80 Neb. 667, 114 N. W. 934.

The Legislature allowed appeals in eminent domain actions but not in relocation proceedings. Without an appeal provision the relocation statute is said to be unconstitutional. The petition alleged a violation of sections 3 and 24 of the Nebraska Bill of Rights: No person shall be deprived of property without due process of law. The right to be heard in all civil cases in the court of last resort by appeal, error, or otherwise, shall not be denied.

A hearing on road relocation has no significant characteristic of individual controversy, and the board decides no dispute of adjudicative fact. Its decision is not quasi-judicial unless the Legislature has attached judicial incidents to the administrative function—a subject which we pretermit. See School Dist. No. 23 v. School Dist. No. 11, ante p. 305, 148 N. W. 2d 301. Orders made in the exercise of judicial functions by a board inferior to the district court are reviewable by proceedings in error. §§ 25-1901 and 25-1903, R. R. S. 1943. Neither section of the Bill of Rights is violated by a statute that

authorizes administrative action to be reviewed by the district court in error proceedings alone. See, Dodge County v. Acom, 61 Neb. 376, 85 N. W. 292, opinion adhered to on rehearing, 72 Neb. 71, 100 N. W. 136; cf. Chicago, B. & Q. R. R. Co. v. Headrick, 49 Neb. 286, 68 N. W. 489; Moise v. Powell, 40 Neb. 671, 59 N. W. 79.

The judgment is affirmed.

AFFIRMED.