In re Water Appropriation No. 442A.
Carl Wilkins v. State Department of
Water Resources.
In re Water Appropriation No. 461.
Carl Wilkins v. State Department of
Water Resources.
In re Water Appropriation No. 462.
Carl Wilkins et al. v. State Department of
Water Resources.
In re Water Appropriation No. 485.
Bruce Iske v. State Department of
Water Resources.

313 N.W.2d 271

Filed December 11, 1981. Nos. 43737, 43738, 43739, 43740.

Steven C. Smith of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The four instant consolidated appeals involve water appropriation forfeiture proceedings brought pursuant to Neb. Rev. Stat. §§ 46-229.01 to 46-229.05 (Reissue 1978) held before the Nebraska Department of Water Resources (Department). The proceedings involve separate water appropriations on the Niobrara River identified as D-442A, D-461, D-462, and D-485. The cases were consolidated for briefing and argument by order of this court. After hearing before the Department, the Department found that with regard to D-442A beneficial use of water had not been made for more than 3 years on part of the land under D-442A, and accordingly canceled the water appropriation on 360.6 acres, amounting to 4.26 cubic feet per second (c.f.s.). The Department further found that 244.7 acres under D-442A had been irrigated in the past 3 years, and therefore allowed 2.88 c.f.s. under D-442A to remain in full force and effect.

With regard to D-461, the Department found that beneficial use of water had not been made for more than 3 years on part of the land under D-461, and accordingly canceled the water appropriation on 253 acres, amounting to 3.61 c.f.s. The Department further found that 37 acres under D-461 had been irrigated in the past 3 years, and therefore allowed .53 c.f.s. under D-461 to remain in full force and effect.

With regard to D-462, the Department found that beneficial use of water had not been made for more than 3 years on part of the land under D-462, and accordingly canceled the water appropriation on 229 acres, amounting to 3.27 c.f.s. The Department further found that 26 acres under D-462 had been irrigated in the past 3 years, and therefore allowed .37 c.f.s. under D-462 to remain in full force and effect.

The Department finally found that with regard to

D-485 beneficial use of water had not been made for more than 3 years on any portion of the appropriation under , D-485, and accordingly canceled the entire appropriation on about 200 acres, amounting to 2.86 c.f.s.

The landowners have appealed the action of the Department to this court and maintain that the Department erred in failing to recognize that the water appropriations involved herein were vested prior to April 4, 1895, and therefore the statutory forfeiture proceedings provided for in § 46-229.02 do not apply. They further argue that they were denied their rights to due process of law in that they were not afforded a hearing before an impartial tribunal at which time they would be permitted a full evidentiary hearing.

They further maintain that the Department erred in failing to recognize that certain factors beyond the control of the appropriators constituted valid excuses for nonuse. We have now examined the entire record and conclude that the action of the Department was in all respects correct and its order should be in all respects affirmed.

We could set out the facts of these matters in detail. However, the determinations of the issues presented to the court are not dependent upon our recitation of the facts, and for that reason we will not unduly lengthen this opinion by doing so. Suffice it to say that the record discloses a hearing was held by the Department in Chadron, Nebraska, on May 14, 1980, on all four cases. The appellants elected to appear pro se, which may in part account for the difficulty which they later encountered. The record does disclose that water has not been taken for portions of the appropriation for the 3-year period, as found by the Department. Appellants maintain that they are excused for their nonuse. Unfortunately, however, they did not introduce evidence sufficient to satisfy their burden in that regard. The reports of the Department establish the fact that water was not taken for more than 3 years. The appropriators

argue that they are excused for not taking the water because of various difficulties existing in either the river or the canals. The evidence, such as it is, appears to establish that the inability of the appropriators to take water was due to each appropriator's failure to repair the conditions which existed in the river or the canals adjacent to his property and which prevented the appropriators from taking the water. The failure of the appropriators to make the necessary repairs, however, when by doing so within a reasonable time they could have used the water available, does not constitute nonuse of such type as to excuse their failure to use the water during the statutory period. The evidence with regard to "nonuse" in these cases is insufficient to establish the defense as contended by the appropriators.

We therefore turn to the legal arguments raised by the appropriators. Appellants' first contention is that the forfeiture statute does not apply to them because each of the individuals had vested rights in the water appropriations prior to April 4, 1895, the effective date of the water act in question. Appellants acknowledge that we have previously held, in the case of *State v. Birdwood Irrigation District*, 154 Neb. 52, 46 N.W.2d 884 (1951), that the statutory forfeiture provisions were applicable to an appropriation with an adjudicated priority date of October 21, 1893. Appellants maintain, however, that our decision in *Birdwood* was in error and ought to be overruled. We have reexamined our decision in *Birdwood* in light of the arguments raised by appellants and conclude that our decision in that case was correct and should not be overruled. We said in *State v. Birdwood Irrigation District, supra* at 56-57, 46 N.W.2d at 888: "The department is expressly authorized by statute, after notice and hearing, to forfeit a water right where it appears that the water appropriation has not been used for some beneficial or useful purpose, or having been so used at one time has ceased to be used for such purpose for more than three years. § 46-229.02, R.S. Supp., 1949. The

constitutionality of the foregoing statute was upheld by this court in Kersenbrock v. Boyes, 95 Neb. 407, 145 N.W. 837, and Dawson County Irrigation Co. v. McMullen, 120 Neb. 245, 231 N.W. 840. In the Kersenbrock case it was held also that the act was not invalid because it applies to both past and future appropriations. We deem these propositions as settled in this state. Consequently, where it appears that irrigation water has not been applied to lands described in an adjudicated appropriation for the statutory period of three years, such nonuser will result in the loss of the right, although the right is one that is termed a vested, adjudicated right. The policy of the law is to require a continued beneficial use of appropriated waters to avert their loss under the nonuser provisions of the irrigation statutes."

The rationale for our decision in *Birdwood* was clearly articulated when we said in that case at 55, 46 N.W.2d at 887: "The Constitution declares the necessity of water for domestic use and for irrigation purposes in this state to be a natural want. Art. XV, § 4, Nebraska Constitution. Our statutory law on the subject of irrigation and the decisions of this court dealing therewith show a clear intention to enforce and maintain a rigid economy in the use of public waters of the state. It is the policy of the law in all the arid states to compel an economical use of the waters of natural streams. One of the very purposes of the state in the administration of public waters is to avoid waste and to secure the greatest benefit possible from the waters available for appropriation for irrigation purposes."

There can be little argument that the state has a right under both the police powers of the state and the provisions of the Nebraska Constitution to regulate the use of the waters of natural rivers and streams so that waste is eliminated. See, *State ex rel. Cary v. Cochran*, 138 Neb. 163, 292 N.W. 239 (1940); Neb. Const. art. XV, §§ 4, 5, and 6. As we said in *State v. Birdwood Irrigation District, supra* at 55, 46 N.W.2d at 887: "The ad-

judication of the water right gave to the Birdwood Irrigation District and its predecessors in interest a vested right to the use of the waters appropriated, subject to the law at the time the vested interest was acquired and such reasonable regulations subsequently adopted by virtue of the police power of the state."

To exempt from such control water rights acquired prior to the date of the act created for the specific purpose of preventing waste would be to ignore the mandate of our Constitution and make ineffective the very end sought to be obtained. We are unwilling to do so and must therefore ratify our previous holding in the *Birdwood* case.

Doing so, our holding in the *Birdwood* case is dispositive of appellants' first assignment of error, which must be overruled.

As to appellants' second argument that the statutes offend constitutional notions of due process because they deny to appellants an opportunity to an evidentiary hearing, we must likewise reject the argument. The act in question specifically grants to appellants an opportunity to present such evidence as they wish in their effort to prevent a cancellation of their appropriation. See § 46-229.04. Likewise, as is evident, an appropriator who is dissatisfied with the decision of the Department may appeal directly to the Supreme Court. See § 46-229.05. We have previously reviewed the scheme whereby certain quasi-judicial authority has been given to the Department and have held that such authority does not offend or violate due process. *Dawson County Irrigation Co. v. McMullen*, 120 Neb. 245, 231 N.W. 840 (1930). Specifically, in *Dawson, supra* at 250, 231 N.W. at 843, we said: "One cannot be said to be deprived of his property without due process of law so long as he has recourse to the courts for the protection of his rights. The statute affords ample opportunity to plaintiff in this case, if aggrieved by any action of the department of public works, to seek redress from its decision to the courts."

While the statute involved in *Dawson County Irrigation Co. v. McMullen* has been amended, we do believe that what we there said is still applicable. Furthermore, the provisions of the Administrative Procedures Act are applicable to the Department of Water Resources. Upon motion by the appellants, the use of formal rules of evidence could have been required. When so required, the Department would be obligated to hold a full evidentiary hearing affording to appellants whatever further due process they maintain they were otherwise denied. See Neb. Rev. Stat. §§ 84-901 to 84-919 (Reissue 1976). In this case they made no objection to the form of the hearing at that time, nor did they request formal rules of evidence themselves, and chose to informally present whatever matters they desired. Whatever holes may exist in the evidence is not due to the provisions of the act but, rather, due to appellants' inexperience at presenting evidence before a tribunal. Their second assignment of error must likewise be rejected.

Turning then to the next argument raised by appellants to the effect that the Department failed to meet its burden in that the evidence presented by the Department was insufficient to justify its actions, we need only look to the statutes. The statutes of the State of Nebraska pertaining to matters of this nature are clear with regard to where the burden of proof lies. The statutes provide that in the first instance the Department bears the burden to establish nonuse for the statutory period. All that need be done to establish that fact is the verified report of the Department. Once that report is presented by the Department, then a hearing may be held if requested by the appropriators, at which time the appropriators must show cause why the appropriation should not be terminated. The language of the statute clearly indicates that the burden is upon the appropriator to present evidence showing either that water was taken, contrary to the report filed by the Department, or that some excuse existed for the water not being taken. *State v. Birdwood Irrigation District,*

154 Neb. 52, 46 N.W.2d 884 (1951); *Hostetler v. State,* 203 Neb. 776, 280 N.W.2d 75 (1979). As we have already noted, a review of the record fails to disclose any evidence which would constitute excuse for nonuse as it has been interpreted by this court. The appropriators failed to overcome the prima facie case made by the Department.

It is regrettable that the appellants chose to represent themselves in this matter and as a result thereof were unable to produce a better record. It may very well be that a better record could have been produced. We are unable to ascertain that from the facts at hand. What we are able to ascertain is that the action of the Department is supported by the evidence presented and no sufficient evidence was presented by the appropriators which constituted a legal excuse for their nonuse of the water. That being the case, the Department was without choice but to cancel the appropriation after the passage of the statutory time.

The action of the Department is in all respects affirmed.

AFFIRMED.