REQUESTED BY: Honorable Loran Schmit State Senator State Capitol Lincoln, NE 68509
Dear Senator Schmit:
We are responding to your letter in which you inquire whether LB 431, which you introduced, is constitutional based upon the provisions of Initiative 300 which has now been incorporated in the Nebraska Constitution at ArticleXII, Section 8.
Legislative Bill 431 seeks to amend the Nebraska Groundwater Management Act at Neb.Rev.Stat. § 46-666
(Cum.Supp. 1982). Among the powers of a district in a groundwater control area in subdivision (5) of that section in restricting use of groundwater, you proposed to add the following sentence:
 A district may also adopt different allocations pursuant to subdivision (1)(a) of that section for family farm and ranch corporations, as defined in Article XII, Section 8, of the Nebraska Constitution, and nonfamily farm and ranch corporations.
You would add the following underlined phrase in the sentence following this addition:
 The provisions of all controls for different categories of ground water use and types of farming or ranching corporations shall be uniform for all portions of the area which have substantially similar climatic, hydrologic, geologic, and soil conditions.
It is true that water rights are subject to subsequently adopted restrictions under the police power of the state. In Re Water Application No. 442A, 210 Neb. 161,313 N.W.2d 271, 274 (1981); In Re Birdwood Irrigation District,154 Neb. 52, 46 N.W.2d 884, 887 (1951). Article XII, Section 8 gives authority for the Legislative classification between family and nonfamily farm and ranch corporations as is created in this bill, and further authorizes the Legislature to `prohibit certain agricultural operations that the Legislature deems contrary to the intent of this section.' However, Article XII, Section 8(1)(D) specifically recognizes an exception for present operations creating grandfather rights for nonfamily farm or ranch operations. Legislative Bill 431 does not recognize this exception. Therefore, the restrictions of this bill exceed the restrictions permissible under the Nebraska Constitution, and are inconsistent with Article XII, Section 8(1)(D).
We also examine this proposal under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. This provides: `. . . nor shall any State deny to any person within its jurisdiction the equal protection of the laws.' Generally this requires equal treatment of persons similarly situated. Pyler v. Doe, ___ U.S. ___,72 L.Ed.2d 786, 798 (1982). Corporations are persons covered by the Equal Protection Clause. Quaker CityCab Company v. Pennsylvania, 277 U.S. 389, 400 (1927). A law may be held unconstitutional for violation of the Equal Protection Clause if it discriminates between different corporations or between corporations and natural persons engaged in the same business without a rational basis. Frostv. Corporation Commission of the State of Oklahoma,278 U.S. 515; 16A Am.Jur.2d, Constitutional Law, § 778, Note 78, 80, at 914-915 and cases cited therein.
The courts, in determining whether a state-created classification is consistent with the Equal Protection Clause, look at this classification to see `whether the legislative classification . . . is rationally related to achievement of the legitimate state statutory purposes.'Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 463
(1981). The Legislature must have some legitimate state purpose in mind when promulgating the legislation and the enactment must be rationally related to achievement of that purpose. The Legislature's avowed purpose will be accepted unless the court determines from the circumstances that this purpose could not have been the goal of the Legislature.Id. at 463, Note 7. The court `will not overturn such a statute unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that it can only conclude that the Legislature's actions were irrational.' Vance v.Bradley, 440 U.S. 93, 97 (1979). The Legislature's judgments need not be correct as long as the court can conclude upon consideration of the evidence before the Legislature and that of which it can take judicial notice `that the question is at least debatable.' Minnesota v. Clover LeafCreamery Co., supra at 464.
The purpose of your proposed legislation is not entirely clear to us at this time. We can surmise that it is to protect the state's land and water resources from unreasonable exploitation. This, we believe, could be found to be a legitimate state purpose.
We are not convinced without knowing more information that the allocation of different amounts of water to farm and ranch operations based solely upon whether the ownership of the farm or ranch operation was by family or nonfamily corporation, could be found to be at all rationally related to the purpose of preventing unreasonable exploitation of the state's valuable natural resources. Without knowing more, we do not believe the court could conclude that the Legislature could believe that the classifications created in this bill would actually serve this purpose.
We therefore question whether this legislation could be sustained if challenged. With more information before the Legislature then that of which we are now aware, possibly
the conclusion might be different. We cannot say at this time.
In conclusion, the provisions of LB 431 appear to be inconsistent with Article XII, Section 8 of the Nebraska Constitution and the Equal Protection Clause of theFourteenth Amendment of the United States Constitution.
Very truly yours, PAUL L. DOUGLAS Attorney General G. Roderic Anderson Assistant Attorney General