IN RE WATER APPROPRIATION A-5000.
DEPARTMENT OF NATURAL RESOURCES, APPELLEE, V.
SILVERSTONE AND DAKES CANAL INC. ET AL., APPELLANTS.
674 N.W.2d 266

Filed February 6, 2004.   No. S-03-679.

John C. Person, of Person Law Office, for appellants.

Jon Bruning, Attorney General, Justin D. Lavene, and David D. Cookson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
The Department of Natural Resources (Department) entered an order on May 20, 2003, partially canceling water rights on land owned by Silverstone and Dakes Canal Inc., Vance Dake, and Marcia Uehling (collectively Silverstone). Silverstone appeals the Department's order and asserts that the Department failed to provide proper notice of the proceedings herein and that the Department's findings were not supported by the record. We affirm the Department's order.

## STATEMENT OF FACTS
Water appropriation A-5000 is a water right with a priority date of July 30, 1952, to divert 0.57 cubic feet per second (cfs) of water from Sappa Creek at certain points for irrigation of 62.6 acres of land located in Harlan County, Nebraska. Silverstone owns the land covered by appropriation A-5000.

On January 31, 2003, the Department sent a notice to Silverstone stating that a hearing would be held on March 18 "to determine whether all or part of water appropriation A-5000 should be cancelled because of nonuse for more than three consecutive years." The notice stated that "Department records indicate that part of the land approved for irrigation under A-5000 has not been irrigated for more than three consecutive years." The notice further stated that the hearing would be held as provided by

Neb. Rev. Stat. §§ 46-229 to 46-229.05 (Reissue 1998 & Cum. Supp. 2002) and that "[a]ll persons interested in such water appropriation shall appear and show cause why such appropriation or part of the appropriation should not be cancelled or annulled. If no one appears at the hearing, the unused part of the water appropriation may be cancelled." Copies of §§ 46-229 to 46-229.05 were enclosed with the notice, and an address and telephone number for the Department were printed on the bottom of the first page of the notice.

The hearing was held March 18, 2003, in Alma, Nebraska. Department representatives presented a verified field investigation report regarding irrigation of the land covered by water appropriation A-5000. The report stated that on October 9, 2002, an investigator had spoken with Lyle Martin, who had been the tenant on the land for 17 years. The report stated that the investigator had shown Martin an aerial photograph of the land covered by appropriation A-5000, and Martin had pointed out the acres he irrigated using surface water. The aerial photograph was attached to the report, and the investigator indicated on the photograph the area that had been irrigated using surface water in the last 3 years. The pump site was also labeled on the aerial photograph. At the hearing, the hearing officer indicated that any area not shown on the map as having been irrigated using surface water in the last 3 years would be subject to cancellation. Martin and appellant Dake testified at the hearing. Martin did not dispute that the marked area had been irrigated within the last 3 years. Martin stated that a portion of the land outside the area marked on the aerial photograph had last used surface water in 1993 or 1994. Dake generally testified that surface water had been sporadic. An exhibit showing water levels was entered into evidence.

The Department concluded that part of the land designated under water appropriation A-5000 had not been irrigated from Sappa Creek for more than 3 consecutive years and that part of the appropriation should therefore be canceled. The Department issued an "Order of Cancellation in Part" on May 20, 2003. Specifically, the Department ordered that the appropriation of 0.37 cfs from Sappa Creek for 40.9 acres of land be canceled. The Department ordered that the remaining appropriation of

0.20 cfs from Sappa Creek for 21.7 acres of land remain in full force and effect. Silverstone appeals.

## ASSIGNMENTS OF ERROR

Silverstone asserts that (1) the Department's notice of hearing failed to state the issues involved as required by Neb. Rev. Stat. § 84-913 (Reissue 1999); (2) the Department's notice of hearing failed to state a telephone number which any person might call for information regarding sufficient cause for nonuse as required by § 46-229.02; (3) the Department's finding that 40.9 acres of the land under water appropriation A-5000 had not been irrigated from Sappa Creek for more than 3 consecutive years was not supported by competent and relevant evidence and was arbitrary, capricious, and unreasonable; and (4) the Department erred in failing to find that sufficient cause existed for nonuse as provided in § 46-229.04(3).

## STANDARD OF REVIEW

■ In an appeal from the Department of Natural Resources, an appellate court's review of the director's factual determinations is limited to deciding whether such determinations are supported by competent and relevant evidence and are not arbitrary, capricious, or unreasonable; however, on questions of law, which include the meaning of statutes, a reviewing court is obligated to reach its conclusions independent of the legal determinations made by the director. *City of Lincoln v. Central Platte NRD*, 263 Neb. 141, 638 N.W.2d 839 (2002).

## ANALYSIS

*Adequacy of Notice.*

Silverstone asserts that the Department did not provide adequate notice because the notice failed to state the issues involved and it failed to state a telephone number which any person might call for information regarding sufficient cause for nonuse. We conclude that the notice in this case provided adequate notice of the issues to be taken up at the hearing and contained the information required under § 46-229.02.

Silverstone first asserts that the notice did not state the issues involved as required by § 84-913 of the Administrative Procedure Act which provides that in any contested case, a notice of hearing

"shall state the time, place, and issues involved." Section 46-229.02, which is found within the statutes concerning the regulation of irrigation rights, specifically addresses the notice required for hearings regarding cancellation of water appropriations and provides in part as follows:

If it shall appear that any water appropriation has not been used for some beneficial or useful purpose or having been so used at one time has ceased to be used for such purpose for more than three consecutive years, the department shall appoint a place and time of hearing, shall serve notice upon the owners of such water appropriation or such ditch, canal, or other diverting works to show cause by such time and at such place why the water appropriation owned by such person should not be declared forfeited and annulled because such water appropriation had not been used for more than three consecutive years prior to receiving such notice, and shall also serve such notice upon the landowners under such water appropriation, ditch, or canal. The notice shall contain a copy of section 46-229.04 and a department telephone number which any person may call for information regarding sufficient cause for nonuse.

The notice in the present case stated that a hearing would be held on March 18, 2003, "to determine whether all or part of water appropriation A-5000 should be cancelled because of nonuse for more than three consecutive years." The notice stated that "Department records indicate that part of the land approved for irrigation under A-5000 has not been irrigated for more than three consecutive years." The notice further stated that the hearing would be held as provided by §§ 46-229 to 46-229.05 and that "[a]ll persons interested in such water appropriation shall appear and show cause why such appropriation or part of the appropriation should not be cancelled or annulled. If no one appears at the hearing, the unused part of the water appropriation may be cancelled." Copies of §§ 46-229 to 46-229.05 were enclosed with the notice.

Silverstone argues that the notice failed to fully state the issues involved because the notice did not state that the appropriation would not be canceled if the Department found there had been sufficient cause for nonuse and because the notice did not state

what constituted sufficient cause under § 46-229.04(3). We determine that the notice adequately informed Silverstone of the issues because it clearly stated that the purpose of the hearing was "to determine whether all or part of water appropriation A-5000 should be cancelled because of nonuse for more than three consecutive years." The notice also stated that interested persons should appear at the hearing to "show cause why such appropriation or part of the appropriation should not be cancelled or annulled." Furthermore, copies of §§ 46-229 to 46-229.05 were provided with the notice and § 46-229.04(3), which was transmitted with the notice, lists eight circumstances which can support a claim of cause for nonuse. The statements in the notice and the inclusion of copies of the statutes fully advised Silverstone of the issues that would be addressed at the hearing. Compare, generally, *Lariat Club v. Nebraska Liquor Control Comm., ante* p. 179, 673 N.W.2d 29 (2004). Although the notice itself did not contain mention of what would constitute sufficient cause for nonuse, that information was contained in the statutes provided with the notice. We therefore reject Silverstone's first assignment of error with respect to the adequacy of notice.

Section 46-229.02 states that the notice shall include "a department telephone number which any person may call for information regarding sufficient cause for nonuse." Silverstone argues that although the notice contained the Department's telephone number, the notice did not indicate the significance of the telephone number and, therefore, did not satisfy § 46-229.02. The Department argues generally that the telephone number listed at the bottom of the first page of the notice met the statutory requirement. Acknowledging that the notice did not contain an explicit statement that the telephone number could be called for information regarding sufficient cause for nonuse, the Department specifically argues that such a statement is not required and that the language in § 46-229.02 merely advises the Department to supply a telephone number in the notice which in turn can be called for information regarding sufficient cause for nonuse. Giving the statute its plain and ordinary meaning, see *DLH, Inc. v. Lancaster Cty. Bd. of Comrs.*, 264 Neb. 358, 648 N.W.2d 277 (2002), we agree with the Department that provision of the telephone number was sufficient under § 46-229.02.

With respect to Silverstone's challenges, we conclude that the notice provided to Silverstone was adequate, and we therefore reject both of Silverstone's assignments of error regarding adequacy of notice.

*Department's Findings.*

Silverstone next asserts that the Department erred in finding that the canceled portion of the land had not been irrigated for more than 3 consecutive years and, in the alternative, erred in not finding sufficient cause for nonuse. We determine that there was sufficient competent and relevant evidence in the record to support the Department's findings and that the Department's order was not arbitrary, capricious, or unreasonable.

■ With regard to proceedings canceling appropriations for nonuse, we note that § 46-229.04(1) provides that "[a]t such hearing the verified field investigation report of an employee of the department shall be prima facie evidence for the forfeiture and annulment of such water appropriation." Furthermore, we have stated as follows:

"The statutes provide that in the first instance the Department bears the burden to establish nonuse for the statutory period. All that need be done to establish that fact is the verified report of the Department. Once that report is presented by the Department, then a hearing may be held if requested by the appropriators, at which time the appropriators must show cause why the appropriation should not be terminated. The language of the statute clearly indicates that the burden is upon the appropriator to present evidence showing either that water was taken, contrary to the report filed by the Department, or that some excuse existed for the water not being taken."

*In re Applications T-61 and T-62,* 232 Neb. 316, 325, 440 N.W.2d 466, 472 (1989) (quoting *In re Water Appropriation Nos. 442A, 461, 462, and 485,* 210 Neb. 161, 313 N.W.2d 271 (1981)).

At the hearing in the present case, the Department presented a verified field investigation report which indicated that only a specific portion of the land covered by water appropriation A-5000 had been irrigated by surface water in the last 3 years. Martin's testimony at the hearing indicated that the remaining portion of

the land had not been irrigated by surface water in at least the last 3 years. Taking the field report and testimony together, the Department established nonuse of a portion of the appropriation for the statutory 3-year period, and it was Silverstone's burden to show cause why that portion of the appropriation should not be canceled. See *Morrissey v. Department of Motor Vehicles*, 264 Neb. 456, 647 N.W.2d 644 (2002) (indicating, in motor vehicle context, that report and testimony may be taken together to establish administrative department's case).

With respect to its burden regarding the portion ultimately ordered canceled, Silverstone was obliged to present evidence showing either that water was taken or that some excuse existed for the water not being taken. Martin's testimony, Dake's generalized reference to sporadic surface water levels, and the exhibit regarding water levels did not establish that water was taken or that there was sufficient cause for nonuse. Instead, the evidence at the hearing supported the report's assertion that only a portion of the land had been irrigated using surface water in at least the last 3 years, and the Department's finding of nonuse without cause regarding the remaining portion. We therefore conclude that both the Department's finding of nonuse and its refusal to find sufficient cause for nonuse were supported by competent and relevant evidence in the record and that the Department's order canceling part of water appropriation A-5000 was not arbitrary, capricious, or unreasonable. We reject Silverstone's assignments of error regarding the Department's findings and order.

## CONCLUSION

We conclude that the Department provided notice which adequately set forth the issues and which met the requirements of § 46-229.02 with respect to inclusion of a telephone number. We further conclude that the Department's findings were supported by competent and relevant evidence in the record and that its order was not arbitrary, capricious, or unreasonable. We therefore affirm the Department's May 20, 2003, order canceling part of water appropriation A-5000.

AFFIRMED.